UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
THE CITY OF NEW YORK,

Plaintiff,

-against-

**COMPLAINT**

1:26 cv 8753

RYAN H. ASHER, ROBERTA D. ASHER, ASHER & ASSOCIATES, P. C., and John Does 1-9,

Defendants.

-------------------------------------------------------------------x

# TABLE OF CONTENTS

INTRODUCTION ........ 1

PARTIES ........ 4

JURISDICTION AND VENUE ........ 5

FACTS RELEVANT TO ALL COUNTS ........ 5

Notices of Claim ........ 5

The Underlying False Claims ........ 6

a. Dorcus Vailes v. City of New York ........ 6

b. Linthiel Boomer v. City of New York ........ 9

c. Akueteh Hammond v. City of New York ........ 12

d. Johans Rosero v. City of New York ........ 14

e. Boyd-Coggins v. City of New York ........ 17

f. Tyquan Banks v. City of New York ........ 21

g. Wayne Peacock v. City of New York ........ 23

h. Tyrique Mcneal v. City of New York ........ 26

i. Khalil Rowe v. City of New York ........ 29

j. Jermaine Corley v. City of New York ........ 32

k. Aaron Archer v. City of New York ........ 37

l. Troy Roman v. City of New York ........ 40

m. Dwight Marshall v. City of New York ........ 43

n. Michael Goody v. City of New York ........ 45

o. Lagarthucin Legrand v. City of New York ........ 48

p. Dira Realty Llc. v. Asher And Associates ........ 50

ALLEGATIONS RELEVANT TO THE VIOLATION OF THE RICO STATUTE, 18 U.S.C. § 1961, ET SEQ. ....51

THE RICO PERSONS .... 51

THE ENTERPRISES .... 52

THE RACKETEERING ACTS .... 53

THE PURPOSES, METHODS AND MEANS OF THE ENTERPRISES .... 56

ROLE OF RYAN ASHER .... 58

ROLE OF ROBERTA ASHER .... 58

ROLE OF THE ASHER ASSOCIATES .... 59

ROLES OF THE DOE RUNNERS AND DOE FUNDERS .... 59

ALLEGATIONS RELATED TO CONSPIRACY TO VIOLATE RICO .... 60

ALLEGATIONS RELATED TO THE NEW YORK CITY FALSE CLAIMS ACT .... 62

ALLEGATIONS RELATED TO THE NEW YORK STATE FALSE CLAIMS ACT .... 64

FIRST CLAIM FOR RELIEF (VIOLATION OF 18 USC § 1962(C)) .... 65

SECOND CLAIM FOR RELIEF (VIOLATION OF 18 USC § 1962(D)) .... 66

THIRD CLAIM FOR RELIEF NYS FALSE CLAIMS ACT-PRESENTATION OF FALSE CLAIMS STATE FINANCE LAW § 189(1)(A) .... 68

FOURTH CLAIM FOR RELIEF NYS FALSE CLAIMS ACT - MAKING OR USING FALSE RECORDS MATERIAL TO A FALSE CLAIM (STATE FINANCE LAW § 189(1)(B)) .... 69

FIFTH CLAIM FOR RELIEF NYS FALSE CLAIMS ACT – CONSPIRACY (STATE FINANCE LAW § 189(1)(C)) ........ 69

SIXTH CLAIM FOR RELIEF NYC FALSE CLAIMS ACT - PRESENTATION OF FALSE CLAIMS TO THE CITY (ADMIN. CODE § 7-03(A)(1)) ........ 70

SEVENTH CLAIM FOR RELIEF NYC FALSE CLAIMS ACT - MAKING OR USING FALSE RECORDS MATERIAL TO A FALSE CLAIM ADMIN. CODE § 7-803(A)(2)) ........ 71

EIGHTH CLAIM FOR RELIEF NYC FALSE CLAIMS ACT – CONSPIRACY (ADMIN. CODE § 7-803(A)(3)) ........ 72

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THE CITY OF NEW YORK,

Plaintiff,

-against-

**COMPLAINT**

1:26 cv ___

RYAN H. ASHER, ROBERTA D. ASHER, ASHER & ASSOCIATES, P. C., and John Does 1-9,

Defendants.

------------------------------------------------------------------x

Plaintiff The City of New York (the "City"), by its attorney, Steven Banks, Corporation Counsel of the City of New York, alleges upon personal knowledge as to itself and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. This is an action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*., the New York State False Claims Act, N.Y. *State Fin. Law* § 189(1) ("NYS False Claims Act"), and the New York City False Claims Act, *NYC Admin. Code* § 7-803(a) ("NYC False Claims Act") to recover taxpayer dollars obtained by presenting false personal injury claims to the City.

2. Defendants Ryan H. Asher ("Ryan Asher") and Roberta D. Asher ("Roberta Asher") are attorneys practicing law through a professional corporation styled Asher and Associates, P.C. ("Asher P.C."). (Ryan Asher, Roberta Asher and Asher P.C. are hereafter collectively referred to as the "Asher Defendants.").

3. The Asher Defendants' law practice disproportionately consists of "trip and fall" cases seeking damages for "severe and serious personal injuries to mind and body" that the Asher Defendants falsely attribute to the City's negligent roadway maintenance.

4. The Asher Defendants represent clients with *bona fide* personal injuries but caused by unknown or impecunious actors, or self-inflicted. To remedy the absence of an identifiable negligent actor, the Asher Defendants fabricate injury scenarios that falsely allege the City as culpable, and responsible for paying lucrative settlements or judgments.

5. As shown in the fifteen (15) examples below, the Asher Defendants' cases feature fabricated narratives in which the Asher Defendants substitute the City as the negligent actor for unknown or nonexistent tortfeasors.

6. The narratives by which the Asher Defendants present to the City and the courts claims for money are shown to be false by irreconcilable differences in the cause of injury alleged on the one hand in notices of claim, and on the other, as stated in their own words by injured Asher clients when seeking emergency medical treatment, before the financial stake in the outcome of the clients' narratives has arisen.

7. The Asher Defendants' presentations to the New York City Comptroller of the notices of claim required by Gen. Mun. L. § 50-e characteristically begin with a recitation of their client's lawful traverse of a City roadway, usually by motorized scooter, bicycle, or motorcycle who encounters a "defective, cracked, misleveled, broken, warped, elevated, depressed, or uneven" City roadway that devolves into a hospital emergency room visit.

8. But as illustrated by the fifteen (15) below-described cases, in moving from emergency room to courtroom the Asher Defendants' clients' narratives undergo a remarkable metamorphosis in which a punch in the jaw, a blow from a lead pipe, an opened car door, or an

encounter with a hit and run driver is transformed into that "defective, cracked, misleveled, broken, warped, elevated, depressed, or uneven" roadway owned or controlled by the City.

9. The Asher Defendants know that the client narratives presented in the notices of claim are false because the Asher Defendants are in possession of the medical records where the true narrative is presented, evidenced by the fact that the medical details provided in the records are recited in the notices of claim.

10. Those fabricated roadway encounters are presented to the City Comptroller as demands for payment of money and are thus actionable false claims within the meaning of the NYS and NYC False Claims Acts. As implemented using the mails and the wires, the notices of claim are at the same time acts of mail and wire fraud committed with sufficient frequency as to injure the City through a pattern of racketeering activity by an enterprise, sufficient to establish RICO liability.

11. The Asher Defendants' scheme is substantially assisted by employees of Asher P.C., by "runners" who solicit and provide clients willing to advance and stand behind fabricated narratives, and by litigation funders that seek profit from eventual judgments or settlements by fronting litigation expenses. The Asher Defendants and these associated parties have a common purpose in conducting through a pattern of racketeering activity – mail and wire fraud – both a corporate enterprise, Asher P.C., and an association-in-fact enterprise.

12. Presently burdening the courts and the City's Law Department are hundreds of cases filed by the Asher Defendants alleging the negligent maintenance of City roadways by the City and the dozens of utility companies and paving contractors that perform vital services beneath the streets, allowing the plausible inference that the fifteen (15) exemplar cases described below are the tip of the proverbial iceberg. Because a False Claims Act complaint

need not identify specific claims when alleges a course of conduct constituting a violation, as here, the City accordingly brings this action to recover for the specific false claims documented below, but also to discover the likely dozens of cases that cost the City, and similarly-situated defendant companies millions of dollars in legal fees, settlements and judgments based on false narratives.

13. Pursuant to the RICO statute, NYS False Claims Act, and the NYC False Claims Act, the City seeks treble damages, civil penalties, attorneys' fees, and all other statutory relief.

## **PARTIES**

14. Plaintiff The City of New York is a municipal corporation organized pursuant to the laws of the State of New York with its principal place of business in New York, New York.

15. Defendant Ryan Asher ("Ryan Asher") is a member of the bar of the State of New York and a citizen of the State of New York.

16. Defendant Roberta Asher ("Roberta Asher") is a member of the bar of the State of New York and a citizen of the State of New York.

17. Defendant Asher & Associates, P.C. ("Asher P.C.") is a professional corporation formed under the laws of the State of New York with a principal place of business at 111 John Street, 14th Floor, New York, New York 10038.

18. John Does 1-3 are attorneys presently or previously employed by Asher P.C. who have performed legal work for the firm knowing that the cases they advanced were based on false causation narratives. The identity of John Does 1-3 is presently unknown but determinable through discovery and will be provided by amendment when known.

19. John Does 4-6 are "runners" who provide clients to Asher P.C. knowing and intending that the Asher Defendants will bring claims for payment against the City and others

based on fabricated narratives. The identity of John Does 4-6 is presently unknown but determinable through discovery and will be provided by amendment when known.

20. John Does 7-9 are “litigation funders” that, with the expectation of a profit from judgments or settlements, provide funds used to support litigants and pay litigation expenses in cases the Asher Defendants bring against the City. The litigation funders know that the case narratives falsely attribute liability to the City or others. The identity of John Does 7-9 is presently unknown but determinable through discovery and will be provided by amendment when known.

## JURISDICTION AND VENUE

21. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and 18 U.S.C. § 1961 because a City claim arises under a federal statute. The Court has supplemental jurisdiction over the City’s state and local law claims pursuant to 28 U.S.C. § 1367.

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including the filing of the false claims at issue and the subsequent litigation in this District of some claims.

## FACTS RELEVANT TO ALL COUNTS

### Notice of Claim

23. A notice of claim under N.Y. General Municipal Law § 50-e is a sworn written pre-suit notice which a tort claimant serves on the City as a condition precedent to commencing legal proceedings. The principal purpose of a notice of claim is to give a municipality prompt notice of claims so that investigation may be made before it is too late for the investigation to be efficient. Prompt investigation and preservation of evidence of the facts and circumstances out of which claims arise is the key purpose, and to allow a municipality to plan for anticipated financial liabilities.

24. A notice of claim is a "claim" within the meaning of the State and the City False Claims Act because it is "any request or demand for money or property" made to a City official. That definition is met by the claim form itself, which contains an entry for the "Total Amount Claimed," including amounts for "lost wages," and requires claimants to specify the "Damages … claimed on behalf of claimant … in the sum of $ ___."

***The Underlying False Claims***

***a. <u>Dorcus Vailes v. City of New York</u>***

25. On or about January 8, 2024, Asher P.C., by Ryan Asher used the City's electronic submission system to present to the Office of the New York City Comptroller a notice of claim on behalf of Dorcus Vailes ("Vailes"), demanding payment of $3 million. Ryan Asher represented in the notice of claim that on October 11, 2023, Vailes was operating a motorcycle on the roadway of East 31st Street at/near its intersection with Snyder Avenue, Brooklyn, New York when he was caused to be propelled off his motorcycle and land in the roadway as a result of a pavement defect, sustaining an injury caused by the City's negligent maintenance of the roadway.

26. The notice of claim filed by Ryan Asher with City Comptroller represented:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

27. On or about January 5, 2025, Asher P.C., by Ryan Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Dorcus Vailes v. The City of New York and the New York City Department of Transportation*, Index No. 500462/2025 ("*Vailes* Action").

28. The verified complaint in the *Vailes* Action represents that on October 11, 2023, Vailes was traversing East 31st Street at/near its intersection with Snyder Avenue, Brooklyn,

New York on a motorcycle when as a result of the negligence, carelessness and recklessness of the City he struck a defect in the roadway causing him to fall and sustain an injury.

29. The verified complaint filed in the *Vailes* Action contains an attorney's verification signed by Ryan Asher stating:

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

30. A verified bill of particulars filed in the *Vailes* Action by Ryan Asher provides that the incident occurred on October 11, 2023, at approximately 10:30 P.M. on the roadway of East 31st Street at/near its intersection with Snyder Avenue, Brooklyn, New York. According to the bill of particulars Vailes was riding his motorcycle in a northbound direction on East 31st Street, when he struck "a hole, defective, cracked, misleveled, broken, warped, elevated, depressed, uneven surface of the roadway/paved surface which appears to be a cutform existing in the roadway there" and sustained severe and protracted personal injuries when his motorcycle struck a hazardous defect in the roadway caused by the negligence of the City or its agents.

31. The verified bill of particulars filed in the *Vailes* Action contains an attorney verification executed by Ryan Asher stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

32. Kings County Hospital records for Dorcus Vailes produced in the *Vailes* Action for October12, 20the date following the date of the incident and thereafter report several motor vehicle accidents in which Vailes was injured, without mention of a roadway defect for which the City could be liable.

33. An ambulance report produced by Vailes in the *Vailes* Action dated October 12, 2023, provides:

Get PDF

Assist Ambulance
AMBULANCE CALL REPORT

980-10122023-105848-0

RUN INFO

| DATE | CAD# | BUS# | ASSIGNED | EN ROUTE (63) | ON SCENE (84) | PT CONTACT | FROM SCENE (82) | AT DEST (81) | AVAILABLE |
|---|---|---|---|---|---|---|---|---|---|
| 10/12/2023 | 23101257A | 980 | 10:59 | 10:59 | 11:11 | 11:13 | 11:27 | 11:38 | 12:08 |

| CALL LOCATION | APT./ROOM# | CITY | STATE | ZIP | RESPONDED FROM | BEGIN MILEAGE | END MILEAGE | TOTAL MILEAGE |
|---|---|---|---|---|---|---|---|---|
| 916 Flatbush Ave | | Brooklyn | New York | 11226 | | 0.0 | 1.5 | 1.5 |

| DRIVER | TECH | CALL TYPE | PRIORITY | PRIOR TREATMENT BY | PRIOR DEFIBRILLATION # | CPR MINS. | BY |
|---|---|---|---|---|---|---|---|
| 502097 EMT | 460471(PARAMEDIC) | INJURY | Emergency ALS | | | | |

**ADDITIONAL NOTES** - UNIT 980 WAS DISPATCHED TO AN UC FOR A "60Y/M FOR POST MVA COLLISION." UPON ARRIVAL SCENE WAS SAFE. GAINED ENTRY TO THE BUILDING VIA SECURITY AND DIRECTED PATIENT TO THE WAITING AREA WHERE PATIENT WAS FOUND SITTED ON THE CHAIR IN NO OBVIOUS DISTRESS. UPON MOVING AND ATTEMPTING TO STAND, HE COMPLAINT OF SEVERE PAIN TO THE RIGHT LEG, ORIGINATED FROM RIGHT FOOT AND ANKLE. PATIENT WAS INFORMED THAT "WHILE RIDING HIS MOTORCYCLE, IN THE ATTEMPT TO AVOID ONCOMING TRAFFIC, HE SKIDDED ON THE ROAD AND MOTORCYCLE PINNED HIS LEG DOWN. HE REFUSED EMS TRANSPORT YESTERDAY AND TODAY UPPN WAKING UP HE WAS UNABLE TO STAND ON FOOT AND CAME TO THE UC EVALUATION , UC NP SENT PATIENT TO THE ED DUE TO SEVERE SWELLING, PAIN AND LACK OF MOVEMENT FOR FRACTURE OF FOOT." PATIENT WAS ALERT AND ORIENTED. -LOC. +SWELLING. +ABRASION OF HAND AND KNEE. +TENDERNESS OF

34. A Kings County Hospital record dated October 12, 2023, further provides:

NYC HEALTH+ HOSPITALS | Kings County

**KCHC ORTHOPAEDIC SURGERY CONSULT NOTE**

Name: Dorcus Vailes
MRN: 2476812

Reason for Consult: Right lateral malleolus avulsion fracture

60 y.o. male no PMH presenting with right ankle pain after an accident from today. Pt was on a motorcycle when he had to jump off due to a car that drove in front. PT landed on the ground and the bike fell on his ankle and he twisted his ankle. Denies pain elsewhere, constitutional symptoms, numbness/tingling.

35. A Kings County Hospital record dated October 28, 2023, describes a subsequent accident occurring while Vailes was riding his motorcycle wearing the cast applied for the October 12, 2023, incident:

**ED Provider Note (continued)**

Weight bearing as tolerated on right lower leg and use crutches for support.
somehow driving a bike.
But looks like he never followed up. But followed on Thursday 2 days later and cast wasn't removed and cam boot not given then.

fell off motorcycle after hit by car while driving it with cast on, earlier yesterday 10/28/2023.

Pt. told to avoid riding his motorcycle with a cast

**ED Progress Note by Silverberg, Mark, MD at 10/28/2023 1748**

| | | |
|---|---|---|
| Author: Silverberg, Mark, MD | Service: Emergency Dept | Author Type: Physician |
| Filed: 10/28/23 1750 | Date of Service: 10/28/23 1748 | Status: Signed |
| Editor: Silverberg, Mark, MD (Physician) | | |

ED Progress Note:
60M h/o HTN rading motorcycle today and hit by car on side, fell over c/o LLE pain and L shoulder pain, denies LOC, denies head strike, wearing helmet, denies numbness/weakness, denies neck pain.

. . . . . .

Note Initiated: 10/29/2023 at 4:34 AM
Encounter Date: 10/28/2023

Chief Complaint:
**Chief Complaint**
Patient presents with
- fell off bke when got hit by car
  *Fell off the bike when got hit by car, sling applied by EMS,to left leg, punctured wound with fat exposure to left lower extremity, cast to right leg from previous injury, as per pt "cast supposed to be removed last Tuesday"*

History of Present Illness:

60 y/o M PMH HTN BIBA to the ED s/p motorcycle accident. Patient states he was riding his motorcycle at low to moderate speed when he turned a corner and was hit by a car. Patient was ambulatory at the scene, wearing helmet, denies LOC, nausea and vomiting, full memory of events. States this is his 3rd MVA this month, already in a right leg cast for lateral mal fracture of right fibula, cast overdue for removal. Complaining of pain to left lower leg with laceration to left lower leg. Also complaining of mild lower back pain and left shoulder pain. Denies head pain, neck pain.

36. The injuries in the *Vailes* Action occurred when Vailes was struck by motor vehicles in several incidents. The notice of claim filed by Asher P.C. and Ryan Asher alleging a roadway defect is a false claim.

37. The documents filed in the *Vailes* Action by the Asher Defendants are false documents material to a false claim.

### *b. Linthiel Boomer v. City of New York*

38. On or about August 21, 2023, using the City's electronic submission system, Asher P.C., by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller demanding payment of $3 million. Ryan Asher represented that on or about May 23, 2023, at 11:30 pm Linthiel Boomer ("Boomer"),

> was seriously injured when he was riding his electric bike while traveling in a eastbound direction on Broadway when it struck a hole/ defective/cracked/misleveled/broken/warped/elevated/ depressed/uneven surface of the roadway/paved

> surface which appears to be a cutform existing in the roadway thereafter causing it to strike a motor vehicle. As a result Linthiel Boomer sustained an open displaced comminuted fracture of his right patella as well as injury to the surrounding soft tissues requiring surgical intervention

39. The notice of claim filed by Ryan Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

40. Represented by Asher P.C. and an Asher Associate, Boomer provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on January 29, 2024. In sum and substance Boomer confirmed the facts provided in his notice of claim. Specifically, Boomer testified that while riding an electric scooter on the roadway at Broadway between Myrtle Avenue and Stuyvesant Avenue, Brooklyn, New York, he was injured as a result of a pothole located in the roadway approximately in line with the front of 948 Broadway, Brooklyn, New York.

41. On or about August 20, 2024, Asher P.C., by Ryan Asher filed in Supreme Court, Kings County an action captioned *Linthiel Boomer v. The City of New York and the New York City Department of Transportation*, Index No. 522462/2024 ("*Boomer* Action").

42. Ryan Asher represented in the verified complaint filed in the *Boomer* Action that "[o]n May 23, 2023, the plaintiff was traversing the aforementioned roadway on an electric scooter when it struck a defect in the roadway causing him to fall" and that by reason of the City's negligence Boomer was caused to be injured due to the dangerous and defective condition of the roadway.

43. The verified complaint filed in the *Boomer* Action contains an attorney's verification signed by Ryan Asher stating:

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

44. The verified bill of particulars filed in the *Boomer* Action represents that the incident at issue occurred on the roadway of Broadway between Myrtle Avenue and Stuyvesant Avenue, Brooklyn, New York as a result of a defect located in the roadway approximately in line with the front of 948 Broadway, Brooklyn, New York and that Boomer sustained severe and protracted personal injuries when his scooter struck a hazardous defect in the roadway caused by the negligence of the City or its agents.

45. The verified bill of particulars contains an attorney verification executed by Ryan Asher stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

46. Hospital records from Woodhull Hospital dated June 2, 2023, produced in the *Boomer* Action by Asher P.C. provided

**Provider Notes (Abstract record Only)**

**Progress Notes**

**Muneer Chaudhary, PA at 6/2/2023 0940**

Author: Muneer Chaudhary, PA | Service: — | Author Type: Physician Assistant
Filed: 06/02/23 1239 | Encounter Date: 6/2/2023 | Status: Signed
Editor: Muneer Chaudhary, PA (Physician Assistant)

**Subjective:**

**Subjective** **Patient ID:** Linthiel Boomer is a 47 y.o.male with no pmhx presented to the ER c/o right knee pain and swelling s/p MVA.
Riding scooter while car stop suddenly , and he hit back of the car injuring his knee
+ Etoh intox overnight

47. The injuries in the *Boomer* Action were caused by a motor vehicle accident with no reference to a roadway condition. The notice of claim filed by Asher P.C. and Ryan Asher is

a false claim. Boomer's 50-H testimony and the documents filed on the basis of that testimony are false documents material to a false claim.

### *c. <u>Akueteh Hammond v. City of New York</u>*

48. On or about October 10, 2022, Asher, P.C., by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller requesting payment of $3 million, asserting that on or about July 15, 2022, at 5:30 pm, Akueteh Hammond ("Hammond")

> was seriously injured when he was caused to fall from his electric scooter while traveling eastbound at the [roadway of Fulton street between Classon Avenue and Claver Place, Brooklyn, NY when it struck a hole/defective/cracked/ misleveled/ broken/warped/ elevated/ depressed/uneven surface of the roadway/paved surface existing thereat, sustaining a fracture of the distal end of the right fibula as well as injuries to the surrounding soft tissues. Surgical intervention scheduled.

49. The notice of claim filed by Ryan Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

50. While represented by Asher P.C. and an Asher Associate, Hammond provided sworn testimony at a January 21, 2023, Gen. Mun. L. § 50-H hearing that in sum and substance confirmed the facts in his notice of claim. Specifically, Hammond testified that he was injured while riding an electric scooter on the roadway at Fulton Street when he struck a hole or other defect in the roadway pavement.

51. On or about October 6, 2023, Asher, P.C., by Ryan Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Akueteh Hammond v. The City of New*

*York and the New York City Department of Transportation*, Index No. 528998/2023 ("*Hammond* Action").

52. The verified complaint in the *Hammond* Action alleged that:

> The incident herein occurred on the roadway of Fulton Street between Classon Avenue and Claver Place, Brooklyn, New York.
>
> On July 15, 2022, the plaintiff was traversing the aforementioned roadway on an electric scooter when it struck a defect in the roadway causing him to fall. the plaintiff was caused to be injured due to the dangerous and defective condition existing thereat.

53. The bill of particulars signed by Asher, P.C. by Ryan Asher in the *Hammond* Action stated that the incident occurred on the roadway of Fulton Street between Classon Avenue and Claver Place, Brooklyn, New York. On July 15, 2022, Hammond was traversing the aforementioned roadway, when his electric scooter struck a hole, defective, cracked, misleveled, broken, warped, elevated, depressed, uneven surface of the roadway/paved surface thereby sustaining severe and protracted personal injuries caused by the negligence of the City.

54. The bill of particulars contains an attorney verification executed by Ryan Asher, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

55. Hospital records from the Interfaith Medical Center produced in the *Hammond* Action provide:

**ONE BROOKLYN HEALTH SYSTEM**
Interfaith Medical Center
1545 Atlantic Ave
Brooklyn NY 11213-1122

Hammond, Akueteh
MRN: 4030597, DOB: 3/27/1976, Sex: M
Acct #: 4000470185
Adm: 7/21/2023, D/C: 7/21/2023

**07/21/2023 - ED in IMC Emergency Department**

**Reason for Visit**

**Chief Complaint**

- Chest Pain (Patient stated that he has chest pain since Tuesday. Patient stated he got into an accident on Tuesday, he stated he was knocked off his scooter by a car)

Time of First Contact
I saw the patient at: 07/21/23 1439

**History**

**Chief Complaint**
Patient presents with
- Chest Pain
  *Patient stated that he has chest pain since Tuesday. Patient stated he got into an accident on Tuesday, he stated he was knocked off his scooter by a car*

**07/21/2023 - ED in IMC Emergency Department (continued)**

**ED Provider Note (continued)**

No data recorded

HPI
Patient walked in ER c/o pain in the left chest since having accident at local street as scooter driver, hit by a car which cutting him from left , make him fell on the right On Tuesday. He denies LOC, Head injury, left shoulder or arm pain, dizziness, light headed, blurred vision, SOB, palpitation, nausea, vomiting, weakness on left arm.
No past medical history on file.

56. The injuries in the *Hammond* Action were caused by a motor vehicle accident with no reference to a roadway condition. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim. The 50-H testimony and documents filed on the basis of that testimony are false documents material to a false claim.

### *d. __Johans Rosero v. City of New York__*

57. On or about August 10, 2022, Asher P.C. by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $3 million, claiming that on or about May 19, 2022, at 11:50 pm, Johans Rosero ("Rosero"),

> was seriously injured when he was caused to fall from his moped while making a left turn from Bushwick

> Avenue onto Fanchon Place when it struck a hole/defective/cracked/misleveled/ broken/ warped/ elevated/depressed/ uneven surface of the roadway/paved surface which appears to be cutform existing in the roadway sustaining fracture of the distal left femur (Type lll open fracture) requiring surgical intervention/open reduction internal fixation as well as injuries to the surrounding soft tissues.

58. The notice of claim filed by Ryan Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

59. Represented by Asher P.C. and an Asher Associate, Rosero provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on October 24, 2022. In sum and substance Rosero confirmed the facts presented in his notice of claim. Specifically, Rosero testified that he was injured while riding a moped on the roadway at Fanchon Place heading toward Bushwick Avenue when he struck a bump or other defect in the roadway pavement.

60. On or about July 27, 2023, Asher P.C. and Ryan Asher filed in Supreme Court, Kings County a complaint in an action captioned *Johans Rosero v. The City of New York and the New York City Department of Transportation*, Index No. 521584/2023 ("*Rosero* Action ").

61. Ryan Asher represented in the complaint filed in the *Rosero* Action that Rosero was traversing Bushwick Avenue at Fanchon Place on a moped when he struck a defect in the roadway causing him to fall and sustain an injury. The injury was claimed to be caused by a dangerous and defective condition existing in the roadway present through the negligence, carelessness and recklessness of the City.

62. The verified bill of particulars filed by Asher P.C. by Ryan Asher in the *Rosero* Action represented that the incident occurred on the roadway of Bushwick Avenue at/near its

intersection with Fanchon Place, Brooklyn, New York caused by a roadway defect present because of the negligence, carelessness and recklessness of the City.

63. The verified bill of particulars filed in the Rosero Action contains an attorney verification executed by Ryan Asher, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

64. A police accident report dated May 17, 2022 and medical records filed in the *Rosero* Action report that Rosero was struck by a car in a hit-and-run incident on Bushwick Avenue in Brooklyn.

NYSCEF DOC. NO. 53 Page 1 of 4 Pages

New York State Department of Motor Vehicles

RECEIVED NYSCEF: 04/22/2026

**POLICE ACCIDENT REPORT (NYC)**

MV-104AN (7/11)

Precinct 075

Accident No. MV-2022-075-001410

Complaint Number 2022-075-008252

☑ AMENDED REPORT

19 -

| Accident Date Month | Day | Year | Day of Week | Military Time | No. of Vehicles | No. Injured | No. Killed | Not Investigated at Scene ☐ / Reconstructed ☐ | Left Scene | Police Photos |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | 17 | 2022 | TUESDAY | 23:55 | 2 | 1 | 0 | | ☑ | ☐ Yes ☑ No |

1 - 20 -

| VEHICLE 1 | | ☑ VEHICLE 2 ☐ BICYCLIST ☐ PEDESTRIAN ☐ OTHER PEDESTRIAN | |
|---|---|---|---|
| VEHICLE 1 - Driver License ID Number | State of Lic. | VEHICLE 2 - Driver License ID Number | State of Lic. |
| Driver Name - exactly as printed on license ROSERO, JOHANS | | Driver Name - exactly as printed on license | |
| Address (Include Number & Street) 11 131 STREET | Apt. No. 1 | Address (Include Number & Street) | Apt. No. |

2 - 21 18

LEFT SCENE

Feet Miles (Milepost, Nearest Intersecting Route Number or Street Name)

Accident Description/Officer's Notes AT TPO DRIVER OF V1 STATES WAS TRAVELING EB ON HIGHLAND BLVD WHEN DRIVER OF V2 TRAVELING WB DID MAKE ILLEGAL U TURN AND DID STRIKE V1 CAUSING MVA. DRIVER OF V1 FURTHER STATES DRIVER OF V2 DID THEN LEAVE THE SCENE W/O EXCHANGING INFORMATION WITH DRIVER OF V1. DRIVER OF V1 TRANSPORTED TO BROOKDALE HOSPITAL WITH INJURY TO LEFT LEG BY EMS TURNER SHIELD 4606 BUS 39Y. CAMERAS AT LOCATION. PD DID NOT WITNESS. ***** AMEND

Right Angle : MV-2022-075-001410

Reporting Officer : POM MICHAEL J CITROEN

Reviewing Officer : SGT STEVEN C SIERMALA Reviewed Date : 05/18/2022 09:57




**New York City Police Department**

**Omniform System - Complaints**

| Report Cmd: | Jurisdiction: | ICAD#: | Record Status: | Public Omni | Complaint #: | No Other Legacy Blue Versions | No Other Complaint Revisions |
|---|---|---|---|---|---|---|---|
| 075 | N.Y. POLICE DEPT | | Final, No Arrests | NO | 2022-075-008283 | | |

NYSC

| | | |
|---|---|---|
| Occurrence Location: FRONT OF 70 HIGHLAND BOULEVARD | NYC Parks Dept. Property | Precinct: 075 |
| Name Of Premise: | Did this offense occur on NYC Parks Dept. Property? NO | Sector: A |
| Premises Type: STREET | Command: | Beat: |
| Location Within Premise: PUBLIC SIDEWALK | NYC Parks Dept. Property Name: | Post: |
| Visible By Patrol?: YES | | |

NARRATIVE:
AT TPO, CV STATES WAS TRAVELING E/B ON HIGHLAND BLVD WHEN UNK PERP DRIVING A BLACK INFINITY SEDAN WITH UNK NYS PLATE DID MAKE ILLEGAL U TURN AND DID STRIKECV CAUSING MVA. CV FURTHER STATES UNK PERP DID THEN LSA E/B ON HIGHLAND BLVD.CV TRANSPORTED TO BROOKDALE HOSPITAL FOR BROKEN LEFT LEG AND LACERATION ON HEAD. CAMERAS AT LOCATION AT 72 HIGHLAND BLVD. ROTOW INVOICE FOR MOPED #3001453740. CV'S INJURIES PRIOR TO POLICE CONTACT/

ONE BROOKLYN HEALTH SYSTEM RECEIVED NYSCEF: 08/06/2026
BROOKDALE UNIVERSITY HOSPITAL
One Brookdale Plaza
Brooklyn NY 11212-3139

Rosero, Johans S
MRN: 4090317, DOB: [redacted]90, Sex: M
Acct #: 2004848509
Adm: 5/18/2022, D/C: 6/8/2022

**05/18/2022 - ED to Hosp-Admission (Discharged) in BHMC 11CHCB Unit (continued)**

**ED Provider Note (continued)**

HPI

31 y.o M, no pmh, bibems as motor cyclist struck as a trauma notification. Patient was making a turn on the highway, struck by car going 40 mph, hit and run. Patient fell to the ground, was not wearing a helmet, +HS, no LOC, unable to ambulate on scene. Ems found patient with Visible deformity of LLE, femur fracture noted, open with bone exposure, and was given 100 mcg of fentanyl in the field. Vitals stable in the field. Patient at this time agitated, not cooperating.

65. The injuries in the *Rosero* Action were caused by a motor vehicle accident with no reference to a roadway condition. The notice of claim filed by Asher P.C. and Ryan Asher in the *Rosero* Action is a false claim. The 50-H testimony and documents filed on the basis of that testimony are false documents material to a false claim.

### *e. Boyd-Coggins v. City of New York*

66. On or about January 7, 2022, Asher P.C., by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $3 million, claiming that on or about October 21, 2021, at 2 pm, Mark Boyd-Coggins ("Boyd-Coggins")

> was seriously injured when he was caused to fall from his electric scooter traveling in a southbound direction on Fifth Avenue when it struck a defective/cracked/misleveled/broken/warped/elevated/ depressed /uneven surface of the roadway/paved surface which appears to be a cutform existing in the roadway sustaining a fracture of his right tibial shaft and left foot fracture as well as injuries to the surrounding soft tissues requiring surgical intervention/open reduction internal fixation.

67. The notice of claim filed by Ryan Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

68. Represented by Asher P.C. and an Asher Associate, Boyd-Coggins provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on April 22, 2022. In sum and substance Boyd-Coggins confirmed the facts represented in his notice of claim. Specifically, Boyd-Coggins testified that while riding an electric scooter on Fifth Avenue near West 139th Street at approximately 2:00 a.m., his front tire entered what he described as a "ditch" or "hole," causing him to fall and sustain injuries.

69. On January 18, 2023, Asher P.C. by Ryan Asher filed in Supreme Court, New York County a complaint in an action captioned *Mark Boyd Coggins v. Baymen Industries Ltd. et al,* Index No. 150567/2023 ("*Boyd-Coggins* Action") representing that Boyd-Coggins sustained injuries on October 21, 2021, while traversing Fifth Avenue and West 139th Street on his electric scooter when he struck a roadway defect that caused him to fall and sustain injuries.

70. On or about September 27. 2023, Asher P.C. by Ryan Asher served a verified bill of particulars on the City, representing that on October 21, 2021, at approximately 2:00 A.M., Boyd-Coggins was injured as a result of a roadway defect at 5th Avenue at or near the intersection of West 139th Street, New York, New York, in the southbound lane of Fifth Avenue at or near the northwest section of the intersection, just north of a roadway plate, sustaining severe and protracted personal injuries when his scooter struck a hazardous defect in the roadway caused by the negligence of the City or its agents.

71. The verified bill of particulars contains an attorney verification executed by Ryan Asher, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

72. Medical records from Harlem Hospital Center and Lincoln Medical and Mental Health Center were produced by Asher P.C. in the *Boyd-Coggins* Action.

73. The Harlem Hospital records provided by Asher P.C. provide that:

FILED: NEW YORK COUNTY CLERK 02/27/2026 01:02 PM INDEX NO. 150567/2023
NYSCEF DOC. NO. 95 RECEIVED NYSCEF: 02/27/2026

NYC HEALTH+ HOSPITALS | Harlem

HHC HEALTH INFO MGMT
160 Water St
New York NY 10041

Patient:Boyd, Mark
MRN: 2105170, DOB: [redacted], Legal Sex: M
Acct #: 253254100
Admit: 10/20/2021, IP: 10/20/2021, Discharge: 10/26/2021

**10/20/2021 - ED to Hosp-Admission (Discharged) in Harlem IP 12MD: records starting on 10/21/2021 (continued)**

**ED Provider Note (continued)**

Final Assessment and Plan
Pt is a 32 year old male with no pmh who presents to the ED s/p mvc. He was driving a motorcycle when he thought he had the green light and a car struck him. He did not have any helmet and denied LOC. Imaging with right tibial plateau fracture, right tibial shaft fracture, right linear fracture, dislocated right 3rd digit. Will admit to Trauma surgery for management.

ED: 10/20/2021

32 year old man, right handed, presented after driving a motorcycle, going about 30 MPH and though he had the green light and a car struck him he flipped off the motorcycle and landed on the ground. Was not wearing a helmet denies LOC, GCS 15

**HISTORY OF PRESENT ILLNESS**
Patient is a 32-year-old male who was BIBEMS as a level 2 trauma after his motorcycle/bike was hit by a car. He underwent a closed reduction, external fixation of RLE and application of an external fixator lower extremity for a right sided tibial plateau and tibial shaft fractures.

74. The Lincoln Medical and Mental Health Center records provided by Asher P.C. state that:

Surgical H&P

Mark Boyd-Coggins is an 32 y.o. male.

**Preferred Language:**
English

**Chief Complaint / HPI:** Right tibial plat fx / right tibial shaft fx

32M here for first ortho eval for evaluate of Right tibial plateau and tibial shaft fracture on 10/20/2021
States he was on his motorcycle when a car cut him off, causing him to crash into the back side of car throwing him off the motorcycle
Patient was treated in Right LE exfix by Dr. Martin at Harlem hospital on 10/21/2021

75. On or about February 27, 2026, a City co-defendant in the *Boyd-Coggins* Action, Baymen Industries Ltd. ("Baymen") filed a motion to amend its answer pursuant to CPLR § 3025 to assert affirmative defenses and counterclaims for fraud, citing the Harlem Hospital and Lincoln Hospital records as evidence of the fraud.

76. On or about March 5, 2026, another co-defendant, Nico Asphalt Paving Inc. ("Nico") filed a motion to amend its answer pursuant to CPLR § 3025 to assert affirmative defenses and counterclaims for fraud, citing the hospital records.

77. On or about June 6, 2024, Asher P.C. by Ryan Asher, filed identical responses to the Baymen and Nico motions to amend, stating that both motions were moot because Asher P.C. had provided both co-defendants with stipulations of discontinuance with prejudice discontinuing the action against each of them. The motions to amend by Baymen and Nico were denied as moot and both co-defendants were dismissed with prejudice.

78. The injuries in the *Boyd-Coggins* Action were the result of a motor vehicle accident having nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher in the *Boyd-Coggins* Action is a false claim. The 50-H testimony and documents filed on the basis of that testimony are false documents material to a false claim.

79. On or about September 1, 2026, the City filed a motion to amend its answer in the *Boyd-Coggins* Action to add counterclaim-defendants and assert counterclaims against Boyd-Coggins, Ryan Asher, Roberta Asher and Asher, P.C under the New York City and New York State False Claim Acts. That motion is pending. The Asher Defendants have opposed that motion.

### *f.* ***Tyquan Banks v. City of New York***

80. On or about December 8, 2021, Asher, P.C. by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller requesting payment of $3 million, claiming that on or about November 12, 2021, at 8:30 pm, Tyquan Banks ("Banks")

> was seriously injured when he was caused to fall from his electric scooter while traveling in a westbound direction on Sutter Avenue when it struck a hole/defective/cracked/ misleveled/broken/warped / elevated/depressed/uneven surface of the roadway/ paved surface existing thereat, sustaining a fracture of the distal end of the right fibula as well as injuries to the surrounding soft tissues. Surgical intervention scheduled.

81. The notice of claim filed by Ryan Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

82. Represented by Asher P.C. and an Asher Associate, Banks provided sworn testimony at a January 21, 2022, Gen. Mun. L. § 50-H hearing that in sum and substance confirmed the facts in his notice of claim. Specifically, Banks testified that he was injured while riding an electric scooter on the roadway at Sutter Avenue when he struck a hole or other defect in the roadway pavement.

83. On or about July 18, 2022, Asher, P.C. by Ryan Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Tyquan Banks v. The City of New York and the New York City Department of Transportation*, Index No. 504267/2023 ("*Banks* Action").

84. The verified complaint in the *Banks* Action alleged that:

> The incident herein occurred on the roadway of Sutter Avenue just east of its intersection with Christopher Avenue, Brooklyn, New York. More particularly, just east of the north/south crosswalk across Sutter Avenue on the east side of the intersection
>
> On November 12, 2021, the plaintiff was traversing the aforementioned roadway on an electric scooter when it struck a defect in the roadway causing him to fall.
>
> The incident occurred when, while the Plaintiff was traversing the aforementioned roadway on his scooter, it struck a hole, defective, cracked, misleveled, broken, warped, elevated, depressed, uneven surface of the roadway/paved surface existing thereat and sustaining severe and protracted personal injuries.

85. The bill of particulars filed by Asher, P.C. by Ryan Asher in the *Banks* Action stated: "The incident herein occurred on the roadway of Sutter Avenue just east of its intersection with Christopher Avenue, Brooklyn, New York. More particularly, just east of the north/south crosswalk across Sutter Avenue on the east side of the intersection, when Banks' electric scooter struck a hole or defect in the roadway present as a result of the City's negligence.

86. The bill of particulars contains an attorney verification executed by Ryan Asher, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

87. Hospital records for Tyquan Banks for the date of the incident alleged in the *Banks* Action provide:

NYC HEALTH+ HOSPITALS | Kings County

HHC HEALTH INFO MGMT
160 Water St
New York NY 10041

Patient:Banks, Tyquan
MRN: 4418484, DOB: 12/2/1992, Sex: M
Acct #: 280294226
Admit: 11/12/2021, Discharge: 11/13/2021

**11/12/2021 - ED in Kings County Adult ED (continued)**

Chief Complaint:
**Chief Complaint**
Patient presents with
- Trauma
  *Pt. reports falling off of his scooter. Noted with deformity and abrasion to right ankle. Pt. states his foot was out and he popped his foot in. Pt. with abrasions to left hand*

History of Present Illness:

28 yo M w no PMH presenting after crashing a motor scooter. Pavement was wet and pt slid sideways. No head strike or LOC. Pt endorses pain to R ankle. He says he felt a popping sensation and the ankle then went back into place.

88. The injuries in the *Banks* Action were the result of a skid on wet pavement having nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher in the *Banks* Action is a false claim. The 50-H testimony and documents filed on the basis of that testimony are false documents material to a false claim.

### *g. Wayne Peacock v. City of New York*

89. On or about October 31, 2021, Asher P.C., by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $3 million on behalf of Wayne Peacock ("Peacock"), claiming that on or about August 1, 2021, at 8:00 pm, Peacock

> was seriously injured when he was caused to fall from his electric scooter while traveling in an northbound direction on Flatbush Avenue when it struck a hole/defective/cracked/misleveled/broken/ warped/elevated/depressed/ uneven surface of the roadway/paved surface which appears to be a cutform existing thereat, sustaining a mandible fracture, lacerations to his face/mouth and a subluxation of the right thumb as well as injuries to the surrounding soft tissues.

90. The notice of claim filed by Ryan Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

91. Represented by Asher P.C. and an Asher Associate, Peacock provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on June 2, 2022, that in sum and substance confirmed the facts provided in his notice of claim. Specifically, Peacock testified that while riding an electric scooter on the roadway at Flatbush Avenue at its intersection with Caton Avenue in Brooklyn, New York, he was injured when he was "caused to fall" from his scooter because of a pavement defect caused by City's negligence.

92. On or about July 18, 2022, Asher P.C. and Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Wayne Peacock v. The City of New York and the New York City Department of Transportation*, Index No. 520284/2022 (the "*Peacock* Action").

93. The verified complaint in the *Peacock* Action represented that on August 1, 2021, at Flatbush Avenue at its intersection with Caton Avenue in Brooklyn, New York, Peacock was "caused to fall" from his scooter and sustain injuries because of a roadway defect caused by City's negligence.

94. The verified complaint in the *Peacock* Action contains an attorney's verification signed by Roberta Asher stating

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

95. The verified bill of particulars in the *Peacock* Action represented that Peacock had sustained a jaw fracture, specifically a "Left Angle of Mandible Fracture," and injuries to his right hand by falling off his scooter because of a roadway defect at Flatbush Avenue at its intersection with Caton Avenue in Brooklyn, New York.

96. The verified bill of particulars filed in the *Peacock* Action contains an attorney verification executed by Ryan Asher stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

97. A Maimonides Medical Center Prehospitalization Care Record ("PCR") dated August 1, 2021, produced by Asher P.C. in the *Peacock* Action that was generated by the ambulance personnel responding to Peacock's incident identifies the "Dispatch Reason" as "Pedestrian Struck[.]":

8/1/2021 5:00 PM FROM: Physio-Control TO: [redacted] P. 1

4344535

**Prehospital Care Report Summary**

Maimonides Medical Center

**Date:**08/01/2021 **Call #:**2856 **Booklet:**102983623 **Branch:** FDNY 911 division **Time Zone:**America/New_York

**Call Information:**

**Disposition:** Treated/Transported (10-82 A/B)
**Initial Patient Acuity:** Emergent (Yellow)
**Unit #:** 41L2 - 41L2, Ground-Ambulance - BLS **Trip Type:** Initial Trip
**Run Type to Scene:** Emergent (Immediate Response)
**Incident Facility:**
**Incident Location:** OCEAN AVE/PARKSIDE AVE - Brooklyn, NY 11225 (Kings County)

**# Patients Transported In My Unit:** 1
**# Patients at Scene:** 1

**Call Received:** 15:44:36
**Dispatched:** 15:45:16
**En Route:** 15:45:26

**Narrative History Text:**
Arrival:
Ems unit arrived on scene to a 37 Y/O male laying on the floor appearing to be conscious complaining pain in his neck and hand, pt was found with PD From pct 70 surrounding him, pt was verbal, pt wasn't able to stand or move, pt sts that he was swerving in and out of car when a car clipped him and he fell to the ground, pt sts that he doesn't remember losing any consciousness.

98. A police accident report dated August 1, 2021, produced in discovery by Asher P.C. in the *Peacock* Action provides:

New York State Department of Motor Vehicles
**POLICE ACCIDENT REPORT (NYC)**
**MV-104AN (7/11)**

Accident Description/Officer's Notes AT TPO BICYCLIST STATES HE WAS RIDING WEST BOUND ON PARKSIDE AVE TOWARDS OCEAN AVE WHEN VEHICLE TWO SIDESWIPE HIS BIKE. VEHICLE TWO DID FLED LOCATION IN UNKNOWN DIRECTION. NO VEHICLE INFORMATION ON VEHICLE TWO.

99. Asher P.C. produced hospital records for Wayne Peacock dated August 1, 2021, from Kings County Medical Center which state that:

**08/01/2021 - ED in Kings County Adult ED (continued)**

**ED Provider Note (continued)**

Chief Complaint:

**Chief Complaint**

Patient presents with

- motorized bike struck by motor vehicle

  *denies LOC or anticoagulant usage; injury to lip, dried blood noted to BUE; received with cervial collar.*

History of Present Illness:

37M NSPMHx presents to the ED after falling off his E-bike in an attempt to avoid a car. Patient states he slid of the bike and hit his head on a curb. Denies LOC and nausea and vomiting after the incident, however patient has significant facial abrasions w/ lip lacerations, new R. Hand thumb radial laxity (R. Hand dominant). No motor or sensory deficits, able to ambulate on scene.

ED Progress Note:

37 y.o. male NSPMH presents s/p bicycle accident. Patient was riding his e-bike when he was hit by a car, swerved, and fell hitting his face. Endorses drinking alcohol prior to the event. Unclear LOC. Complains of tooth pain and right hand pain.

OMFS CONSULT NOTE:

HPI: Wayne Peacock 37 y.o. male presents to KCHC ED after sustaining facial trauma due to bicycle accident. Pt reports swerving to avoid a car and falling off his bike and hitting the concrete. Pt denies LOC. Pt reports pain to upper lip and front teeth. Pt also reports having a mandible fracture in December 2020 and being treated at Maimonides but failed to follow up with them. Pt denies fever, chills, nausea, vomiting, numbness, dyspnea, dysphagia.

100. The injuries in the *Peacock* Action were the result of hit and run motor vehicle having nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher in the *Peacock* Action is a false claim. The 50-H testimony and documents filed on the basis of that testimony are false documents material to a false claim.

***h. Tyrique McNeal v. City of New York***

101. On or about October 27, 2021, Asher P.C. by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $3 million, claiming that on or about July 30, 2021, at 9 pm, Tyrique McNeal ("McNeal"):

> was seriously injured when he was caused to fall from his electric scooter while traveling in an eastbound direction on Dumont Avenue when it struck a hole/defective/cracked/misleveled/broken/warped/ elevated/depressed/uneven surface of the roadway/paved surface which appears to be a cutform existing thereat, sustaining a right C7 articular facet fracture and facial lacerations as well as injuries to the surrounding soft tissue.

102. The notice of claim filed by Ryan Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

103. Represented by Asher P.C. and an Asher Associate, McNeal provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on December 21, 2021, that in sum and substance confirmed the facts in his notice of claim. Specifically, McNeal testified that he was riding an electric scooter on the roadway at Dumont Avenue and Mother Gaston Blvd when he struck a foot-long hole and flew off the scooter and was injured.

104. On or about May 23, 2023, Asher P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Tyrique McNeall v. The City of New York and the New York City Department of Transportation*, Index No. 530722/2022 ("*McNeal* Action I").

105. The verified complaint in the *McNeal* Action represents that on July 30, 2021, McNeal was on his scooter traversing the roadway of Dumont Avenue at or near its intersection with Mother Gaston Boulevard, Brooklyn, New York, when he struck a defect in the roadway causing him to fall and sustain injuries. The claimed defect was a hole and that the roadway was in a cracked, broken, raised, uneven, irregular, defective, mis-leveled, dangerous and trap-like condition.

106. The verified complaint in the *McNeal* Action contains an attorney's verification signed by Roberta Asher stating:

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

107. The verified bill of particulars filed by Asher P.C. by Ryan Asher in the *McNeal* Action represented that the incident herein occurred on the roadway of Dumont Avenue at or near its intersection with Mother Gaston Boulevard, Brooklyn, New York, and McNeal was traversing the aforementioned roadway on his gas operated scooter, when he was caused to fall when he struck a hole, defective, cracked, misleveled, broken, warped, elevated, depressed, uneven surface of the roadway/paved surface thereby sustaining severe personal injuries.

108. The verified bill of particulars contains an attorney verification executed by Ryan Asher, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

109. On or about July 29, 2024, Defendant Asher, P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Tyrique McNeall v. The City of New York and the New York City Department of Transportation*, Index No. 520336/2024 ("*McNeal* Action II"). The *McNeal* Action II arose out of the same incident sued on in *McNeal* Action I, but was brought against utility companies and roadway contractors.

110. Medical records from Brookdale University Hospital produced in the *McNeal* Action II dated July 30, 2021, prepared by the Brookdale Hospital ambulance service that responded to the incident provide:

**ONE BROOKLYN HEALTH SYSTEM**
BROOKDALE UNIVERSITY HOSPITAL
One Brookdale Plaza
Brooklyn NY 11212-3139

McNeal, Tyrique
MRN: 4006465, DOB: 1993, Sex: M
Acct #: 2003775247
Adm: 7/30/2021, D/C: 8/1/2021

**07/30/2021 - ED to Hosp-Admission (Discharged) in BHMC 11CHCB Unit (continued)**

Narrative History Text:
3982 FOR THE MVA WITH INJURIES:

UPON ARRIVAL, FOUND A ALERT 28 Y/O MALE. LAYING SUPINE ON THE GROUND AT LOCATION. THE PT IS IN THE COMPANY OF SEVERAL BYSTANDERS AND FAMILY MEMBERS. PT APPEARS TO BE BLEEDING FROM THE HEAD AND IN DISTRESS. PT IS IN THE CARE OF OTHER BLS UNIT. THERE WAS A PERSON WITHIN HIS VEHICLE THAT WAS INVOLVED IN THE MVA. THAT PERSONS WINDSHIELD WAS SEVERELY DAMAGED BY THE ELECTRIC SCOOTER THE PT AND HIS BROTHER WAS ON. IT IS UNCLEAR WITHER THE PT WAS THE DRIVER OR THE PASSENGER. DURING THE EXAM, THE PT HAS INJURY TO THE LEFT SIDE OF THE FOREHEAD, SIGHTLY OVER THE LEFT EYE (MORE THAN AN INCH IN LENGTH). THERE IS ALSO AN ABRASION TO THE RIGHT ELBOW. THERE IS ALSO SEVER ABRASION TO THE LEFT SIDE OF FACE AND EAR AS WELL AS THE RIGHT SIDE OF THE ABD. AIRWAY PATENT LUNGS CLEAR EQUAL BILAT ADEQUATE CHEST RISE PUPILS SLUGGISH NEG CYNAOSIS PULSE STRONG AND REGULAR CTC WARM DRY NORMAL TRANSPORTED TO THE NEAREST HOSPITAL 41 W/O INCIDENT.
Unable to Sign:

111. The injuries in the *McNeal* Action I and II were the result of a motor vehicle accident having nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim and the 50-H testimony and documents filed in the *McNeal* Actions I and II are false documents material to a false claim.

### *i. Khalil Rowe v. City of New York*

112. On or about August 30, 2021, Asher P.C. by Roberta Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $3 million, claiming that on or about June 11, 2021, at the roadway of East New York Avenue just west of the north/south crosswalk on the west side of its intersection with Ralph Avenue, Brooklyn, NY., Khalil Rowe ("Rowe"),

> was seriously injured when he was caused to fall from his bicycle while traveling in an westbound direction on East New York Avenue when it struck the depressed metal plate/cap and the hole/defective /cracked/ misleveled/broken/warped/ elevated /depressed/ uneven surface of the roadway/paved surface adjacent thereto sustaining a fracture to his left index finger as well as injuries to the surrounding soft tissues requiring open reduction internal fixation.

113. The notice of claim filed by Roberta Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

114. Represented by Asher P.C. and an Asher Associate, Rowe provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on December 1, 2021, that in sum and substance confirmed the facts in his notice of claim. Specifically, Rowe testified he was traveling on East New York Avenue near its intersection with Ralph Avenue, Brooklyn, New York, on his bicycle when he struck a pothole in the roadway causing him to fall and sustain injuries because of the City's negligence.

115. On or about September 9, 2022, Asher P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Khalil Rowe v. The City of New York and the New York City Department of Transportation*, Index No. 526192/2022 ("*Rowe* Action").

116. In the verified complaint filed in the *Rowe* Action, Roberta Asher represented that on June 11, 2021, Rowe was injured when he was lawfully traversing East New York Avenue near its intersection with Ralph Avenue, Brooklyn, New York on his bicycle when he struck a defect in the roadway causing him to fall and sustain injuries as a result of the City's negligence. The claimed defect was a hole and that the roadway was in a cracked, broken, raised, uneven, irregular, defective, mis-leveled, dangerous and trap-like condition.

117. The verified complaint in the *Rowe* Action contains an attorney's verification signed by Roberta Asher stating

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

118. On or about June 16, 2023, Asher P.C. by Ryan Asher served a verified bill of particulars on the City, stating that on June 11, 2021, Rowe was injured as a result of a roadway defect at East New York Avenue near its intersection with Ralph Avenue, Brooklyn, New York, when his bicycle struck a hazardous defect in the roadway caused by the negligence of the City or its agents.

119. The verified bill of particulars contains an attorney verification executed by Ryan Asher stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

120. Medical records produced in the *Rowe* Action provide:

SUNY DOWNSTATE Medical Center | University Hospital of Brooklyn

Transcribed Report

**Operative Report**

**NAME OF PATIENT:** Rowe, Khalil

**BRIEF HISTORY:** Khalil sustained a fracture of his left small finger on June 11, 2021, after falling off his bicycle after crashing into a car door. On workup, he was found to have a comminuted angulated fracture of his index and the proximal phalanx and after discussing the risks, benefits, and alternatives including, but not limited to bleeding; pain; infection; nerve, tendon, arterial injury; fracture malunion;

NYSCEF DOC. NO. 9 RECEIVED N

**Brooklyn Premier Orthopedic**
**Center for Musculoskeletal Disorders**

Steven Horowitz, MD, Jonathan Lewin, MD, Raz Winiarsky, MD, Michael Horowitz, MD, Jonathan Simhaee, MD, Vagmin Vora, MD., Daniel Popowitz, DPM, Don Heitman, MD, David Mandil, DPM, Hari Gupta, DO, Yasmin Sarraf, DPM, Samuel Zonshayn, MD

| | | | |
|---|---|---|---|
| 1414 Newkirk Avenue | 158-16 79th Ave | 40 Park Avenue, Ste 1 | 177 N Dean St |
| Brooklyn, NY 11226 | Fresh Meadows, NY 11366 | New York, NY 10016 | Englewood, NJ 07631 |
| Phone 718-759-6100 | Phone 718-509-1900 | Phone 646-455-1564 | Phone 201-510-3777 |
| Fax 718-434-0070 | Fax 718-509-7117 | Fax 646-205-4041 | Fax 201-510-3778 |

www.bportho.com ww.cmdnynj.com

**Patient Name** ROWE, KHALIL **Appointment Date**

**CC**: Left index finger injury
**HPI**: Khalil Is a 23-year-old right-hand-dominant male presents for initial evaluation of his left index finger. He reports that on June 11, 2021 he was riding his bicycle and son opened the car door. He hit the car door and was propelled off his bicycle Injuring his left index finger. He went to urgent care where he was evaluated. X-rays were done and he believes he was told he had a fracture. His finger was placed in a splint which he has been wearing since. He reports that unless something bangs or moves the finger it is not painful. He reports no prior injury to the affected area.

121. The injuries in the *Rowe* Action had nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim and the 50-H testimony and documents filed in the *Rowe* Action are false documents material to a false claim.

### *j. Jermaine Corley v. City of New York*

122. On or about August 9, 2021, Asher P.C., by Roberta Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $3 million, claiming that on or about May 28, 2021, at 11 pm Jermaine Corley ("Corley")

> was seriously injured when he was traversing Utica Avenue in a northerly direction and made a left turn in the direction of E New York Avenue in order to travel in a westerly direction and was caused to fall from his bicycle when it struck a defective/ cracked/misleveled/broken/warped/elevated/depressed/ uneven surface of the roadway/paved surface which appears to be a cutform existing thereat sustaining a fracture of his right radius/wrist/forearm as well as injuries to the surrounding soft tissues.

123. The notice of claim filed by Roberta Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

124. Represented by Asher P.C. and an Asher Associate, Corley provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on November 2, 2021. In sum and substance

Corley confirmed the facts in the notice of claim. Specifically, Corley testified that while riding a bicycle on the roadway at Utica Avenue in a northerly direction and making a left turn in the direction of East New York Avenue, he was injured when his bicycle struck a hole in the roadway caused by the City's negligence.

125. On or about May 4, 2022, Asher P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Jermaine Corley v. The City of New York and the New York City Department of Transportation*, Index No. 512873/2022 (the "*Corley* Action"). The verified complaint in the *Corley* Action represents that on May 28, 2021, Corley was lawfully traversing the roadway at Utica Avenue at or near the intersection of East New York Avenue when the wheel of his bicycle hit a defect in the roadway propelling him to the ground. The verified complaint further represented that Corley was caused to be injured as a result of the negligence, carelessness and recklessness of the City.

126. The verified complaint in the *Corley* Action contains an attorney's verification signed by Roberta Asher stating

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

127. On or about October 2, 2023, Asher P.C. by Ryan Asher filed a verified bill of particulars in the *Corley* Action, stating that the incident occurred May 28, 2021, on the roadway of Utica Avenue at or near its intersection with East New York Avenue, Brooklyn, New York. The verified bill of particulars represents that Corley was caused to fall from his bicycle when it struck a defective, cracked, misleveled, broken, warped, elevated, depressed, uneven surface of the roadway/paved surface thereby sustaining severe and protracted personal injuries caused by the negligence of the City or its agents.

128. The verified bill of particulars contains an attorney verification executed by Ryan Asher, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

129. Medical records produced in the course of the *Corley* Action provide:

SUNY Downstate Medical Center
**Documents Review Report without Correction History**

**CORLEY, JERMAINE** **MRN: 1286381 / 8760201**
**N/A** **N/A** **DOB:** [redacted] **Age: 38y**
**Triage** **DSC** **M**
**Provider: Mehta, Ninfa** **Admit Date: 05-28-2021**
**ED Provider Aware Note** **Last Updated: 05-28-2021 03:15 [Entered: 05-28-2021 03:09]**
**Authored By: Tan, Jun Yuan (Resident)**

**Template** Orthopedic

**HISTORY OF PRESENTING ILLNESS**
The patient is a 35 year(s) old Male complaining of hand pain/injury. JERMAINE was seen by me at 05-28-2021 03:09. The patient's chief complaint quote was: Pt injured R thumb two weeks ago after falling off bicycle. States he was told it was dislocated and needed to follow up which he did not do. Today pt was involved in a fight and fell, presently whole right hand and wrist is painful. Able to move digits but not fully extend, unable to hold or push anything with hand. Minimal swelling noted, no open wound or bleeding. ". The historian is the patient.

35 y/o M presenting with R wrist pain x 1 day. Pt fell of a bike a week ago, found to have thumb dislocation, reduced at urgent care and referred to ortho outpt. Clinic had not called and returned to urgent care. Got into a fight this afternoon and fell on the R arm. Denies any other injuries or pain..

**Assessment and Plan:**
- **Assessment and Plan** ORTHOPAEDIC SURGERY CONSULT NOTE

Reason for Consult: Right distal radius fracture

HPI: 35M RHD presents with R thumb and right wrist pain. The right thumb pain began after a fall one week ago. He says the thumb was dislocated, and he went to urgent care where they attempted reduction. He's had continued pain although improving. He says the thumb feels unstable when he tries to grip objects and feels like he is going to drop them. The right wrist began hurting earlier today after a "scuffle" with another person. He fell onto the outstretched right hand and has had diffuse pain in the R wrist region since then. Mild exacerbation of R thumb pain following the scuffle but no new instability events. Denies pain or injury elsewhere. Denies distal numbness or tingling.

130. As stated in the hospital record, before the incident for which the May 28, 2021 notice of claim was filed, Corley had fallen off his bicycle at 1567-1575 Nostrand Avenue, Brooklyn, New York and injured his right wrist. In an action captioned *Jermaine Corley v. Nostrand1543 LLC and Sultan Kha*, Index No. 512873/2022, (the "*Nostrand 1543* Action") also filed by Asher P.C. by Roberta Asher, the verified complaint and verified bill of particulars, both verified by Roberta Asher, represent that on May 13, 2021, Jermaine Corley when traversing the sidewalk adjacent to the premises located at 1567-1575 Nostrand Avenue, Brooklyn, New York was caused to trip and fall due to the broken, cracked, uneven, misleveled, defective, dangerous and trap-like condition thereat, injuring his right thumb.

131. On May 4 2022, when Roberta Asher filed the verified complaint in the *Corley* Action and verified its truth, and on October 2, 2023, when Ryan Asher filed the bill of particulars in the *Corley* Acton the truth of which was verified under penalty of perjury, the Asher Defendants were in possession of the SUNY Downstate medical records, which had been transmitted directly to Asher P.C. on December 3, 2021.

132. On or about May 18, 2026, a City co-defendant in the *Corley* Action moved to amend its answer to allege an affirmative defense of fraud, citing to the medical records displayed above.

133. On or about September 1, 2026, the City filed a motion to amend its answer in the *Corley* Action to add counterclaim defendants and assert counterclaims against Corley, Ryan Asher, Roberta Asher and Asher and Associates under the New York City and New York State False Claim Acts. That motion is pending.

134. On or about September 15, 2026, the Asher Defendants offered all defendants in the *Corley* Action a stipulation of discontinuance with prejudice. The City declined to so stipulate as to itself.

135. The injuries in the *Corley* Action were the result of a fight and/or the events alleged in the *Nostrand 1543* Action, having nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim and the 50-H testimony and documents filed in the *Corley* Action are false documents material to a false claim.

### ***k. <u>Aaron Archer v. City of New York</u>***

136. On or about June 4, 2021, Asher P.C., by Ryan Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $3 million, claiming that on or about April 4, 2021, at 6:30 pm, Aaron Archer ("Archer"),

> was seriously injured when he was traversing Fulton Street in a westerly direction with the flow of traffic and was caused to fall from his motor scooter when it struck a defective/ cracked/misleveled/broken/warped/ elevated/depressed/uneven surface of the roadway/paved surface thereat sustaining a fracture of the left fibula as well as injuries to the surrounding soft tissues.

137. The notice of claim filed by Roberta Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

138. Represented by Asher P.C. and an Asher Associate, Archer provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on June 8, 2022. In sum and substance Archer

confirmed the facts in his notice of claim. Specifically, Archer testified that he was injured while riding a gas powered moped on the roadway at Fulton Street when he struck a hole or other defect in the roadway pavement.

139. On or about July 1, 2022, Asher P.C. by Ryan Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Aaron Archer v. The City of New York and the New York City Department of Transportation*, Index No. 518909/2022 ("*Archer* Action").

140. The verified complaint in the *Archer* Action represents that on April 4, 2021, Archer was traversing Fulton Street between Stuyvesant Avenue and Schenectady Avenue, Brooklyn, New York, on his motor scooter when he was caused to fall due to the dangerous and defective condition existing there, and was caused to be injured due to the negligence, carelessness and recklessness of the City.

141. The verified complaint in the *Archer* Action contains an attorney's verification signed by Ryan Asher stating

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

142. A verified bill of particulars filed by Asher P.C. by Ryan Asher in the *Archer* Action represented that when Archer "was traversing Fulton Street in a westerly direction with the flow of traffic, he was caused to fall from his motor scooter when it struck a hole, defective, cracked, misleveled, broken, warped, elevated, depressed, uneven surface of the roadway/paved surface thereby sustaining severe and protracted personal injuries caused by the negligence of the City."

143. The verified bill of particulars contains an attorney verification executed by Ryan Asher, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

144. Interfaith Medical Center records dated April 4, 2021, produced by the Asher Defendants in the *Archer* Action provide:

```
DATE: 04/07/21 @ 0149        Interfaith Medical Center EDM *LIVE*              PAGE 2
USER: MDANIELS                      ED Summary Report

Patient: ARCHER,AARON                                  Age/Sex: 31/M
MR# I300126008  V# V00829903539
ED Provider: Shamir,Hedva MD

Deaf/Hard of Hearing Assistance Needed:
Deaf/Hard of Hearing Assistance Needed N
Chief Complaint:
Chief Complaint Pedestrian Struck
Objective/Subjective/Comment Data:
Subjective/Objective Comment Data 31y/o male with c/o left leg/ankle/foot pain after he was
                                  hit by a car. Denies any other injuries or pain. AAOx4,
                                  ABCs intact, lungs clear, breathing easily and unlabored.
```

145. The medical records further provide:

Interfaith Medical Center

**1545 ATLANTIC AVE**
**BROOKLYN, NY 11213**

**ED Physician Documentation**

**History of Present Illness**
**Initial Comments**
31 y/o M presents w/ c/o left lower ext pain. Pt states that he was on his block on motorcycle, when a vehicle turning side swiped him causing him to fall off bike. Pt reports immediately noting pain , rates 10/10 and denies use of meds for relief. Pt states that he is unable to bare weight on left side due to injury. Denies any neck or head injury. Denies associated HA, neck pain, blurry vision, loss of sensation, SOB, CP, n/v. No other symptoms and complaints reported at this time.

146. The injuries in the *Archer* Action were the result of a motor vehicle accident having nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim and the 50-H testimony and documents filed in the *Archer* Action are false documents material to a false claim.

### *I. **Troy Roman v. City of New York***

147. On or about January 28, 2021, Asher P.C., by Roberta Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system on behalf of Troy Roman ("Roman") demanding payment of $3 million. Roberta Asher represented that Roman, on November 18, 2020, while operating a motorized scooter and traveling on the roadway at the intersection of East 94th Street and Kings Highway, Brooklyn, New York, was caused to be propelled off his motor scooter and land in the roadway as a result of a defective/cracked/misleveled/broken/warped/elevated/depressed/uneven surface of the roadway/paved surface which appears to be a cutform existing thereat, sustaining an injury as a result of the City's negligent maintenance of the roadway.

148. The notice of claim filed by Roberta Asher through the City's electronic submission system provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

149. Represented by Asher P.C. and an Asher Associate, Roman provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on May 5, 2021. In sum and substance, Roman confirmed the facts stated in his notice of claim. Specifically, Roman testified that while riding a motorized scooter on the roadway at Kings Highway and East 94th Street in Brooklyn, he was injured when he was "caused to fall" from his scooter because of a pavement defect.

150. On or about February 2, 2022, Asher P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Troy Roman v. The City of New York and the New York City Department of Transportation*, Index No. 503343/2022 ("*Roman* Action").

151. The verified complaint in the *Roman* Action states that on November 18, 2020, Roman was traversing the roadway of East 94th Street between Kings Highway and Lenox Road, Brooklyn, New York, his electric scooter hit a defect in the roadway propelling him to the ground and causing injury as a result of the negligence, carelessness and recklessness of the City.

152. The verified complaint in the *Roman* Action contains an attorney's verification signed by Roberta Asher stating:

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

153. A verified bill of particulars filed in the *Roman* Action states that the incident herein occurred on November 18, 2020, at approximately 7:30 a.m. on the roadway of East 94th Street. Roman was riding his motorized scooter in an easterly direction when he struck "a hole, defective, cracked, misleveled, broken, warped, elevated, depressed, uneven surface of the roadway/paved surface which appears to be a cutform existing in the roadway there."

154. The verified bill of particulars filed in the *Roman* Action contains an attorney verification executed by Ryan Asher stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

155. An ambulance report for Troy Roman produced by Asher, P.C. in the *Roman* Action dated November 18, 2023, provides:

Page 1

**Assist Ambulance**
**AMBULANCE CALL REPORT**

3632-11182020-

RUN INFO

| DATE | CAD# | BUS# | ASSIGNED | EN ROUTE(63) | ON SCENE(84) | PT CONTACT | FROM SCENE(82) | AT DEST(81) | AVAILABLE |
|---|---|---|---|---|---|---|---|---|---|
| 11/18/2020 | 0944 | 3632 | 08:01 | 08:01 | 08:09 | 08:09 | 08:23 | 08:37 | 09:04 |

| CALL LOCATION | APT / ROOM# | CITY | STATE | ZIP | RESPONDED FROM | BEGIN MILEAGE | END MILEAGE | TOTAL MILEAGE |
|---|---|---|---|---|---|---|---|---|
| Dumont ave Tapscott st | | Brooklyn | New York | 11212 | | 0.0 | 1.5 | 1.5 |

| DRIVER | TECH | CALL TYPE | PRIORITY | PRIOR TREATMENT BY | PRIOR DEFIBRILLATION | CPR MINS. | BY |
|---|---|---|---|---|---|---|---|
| 322726 EMT | 453625(EMT) | INJURY | Emergency BLS | | | | |

DEMOG

| LAST NAME | FIRST NAME | MI | GENDER | DOB | AGE | WEIGHT (LB/KG) |
|---|---|---|---|---|---|---|
| Roman | Troy | | Male | [redacted] | 51 years | 135.00/61.23 |

| STREET ADDRESS | APT. | CITY | STATE | ZIP | HOME PHONE NUMBER |
|---|---|---|---|---|---|
| 1049 E 15th st | | Brooklyn | New York | 11230 | [redacted] |

| EMERGENCY CONTACT LAST NAME | FIRST NAME | PHONE# | PHYSICIAN LAST NAME | FIRST NAME | PHONE# | RELATION |
|---|---|---|---|---|---|---|
| | | | | | | |

NOTES

Upon arrival a 51 year old male found no distress supine on floor. INITIAL ASSESSMENT - MENTAL STATUS Alert; Person; Place; Time; GCS Eye Response: Spontaneous; GCS Adult Verbal Response: Oriented; GCS Motor Response: Obeys Command; NEURO Unremarkable; AIRWAY Patent; BREATHING Respiration Rate: RESP 18; Breathing Quality: Regular; RIGHT LUNG INS Right Lung Inspiration: Clear; RIGHT LUNG EXP Right Lung Expiration: Clear; LEFT LUNG INS Left Lung Inspiration: Clear; LEFT LUNG EXP Left Lung Expiration: Clear; SKIN Skin Color: Normal; Skin Temperature: Normal; Skin Condition: Normal; RIGHT FOOT - LOWER LEG Swelling; VITAL SIGNS Taken By: Taken By 453625; A+Ox: 3; Stroke Score: 0; Alert-A&OX3-GCS=15;

**ADDITIONAL NOTES** - Upon arrival 51 year old male was found supine on floor AOx3. As per pt he was riding his scooter on the street and slipped on oil which cause his to fall off scoter. Pt stated he landed on his legs, did not hit head. Pt has right leg injury . Pt unable to bend right leg, pt is able to wiggle toes. Pt has swelling and slight deformity right lower leg. Padded splint was used with triangular bandage. Pt states pain is 10/10. Pt denies any other pain. Pt denies any symptoms. Pt vitals stable. Pt was txp on stretcher safely and secured no incident to hospital 48.N/A:

156. Kings County Hospital records for Troy Roman produced in the *Roman* Action: provide:

FILED: KINGS COUNTY CLERK 04/16/2026 01:16 PM
NYSCEF DOC. NO. 96 RECEI

NYC HEALTH+ HOSPITALS | Kings County

HHC HEALTH INFO MGMT
160 Water St
New York NY 10041

Patient:Roman, Troy
MRN: [redacted]
Acct #: [redacted]
Admit: 11/18/2020, IP: 1
12/2/2020

**ED Provider Notes by Mohamed Eldokmak, MD at 11/18/20 0936**

Note Initiated: 11/18/2020 at 9:36 AM
Encounter Date: 11/18/2020

Chief Complaint:
**Chief Complaint**
Patient presents with
- right foot injury s/p slipped off scooter
  *denies head injury, right leg pain*

History of Present Illness:
51 yo male [redacted] presented after a vehicle accident . He was riding a scooter , slipped on the side , the scooter fell over his right leg. He denies losing consciousness m heitting his head, vision changes , hearing changes. Pt complains of left leg pain and swelling above the ankle affecting the right leg shaft. Pt denies any fever, cough, nausea, vomiting , weight loss , diarrhea or rashes.

157. The injuries in the *Roman* Action occurred as a result of Roman slipping off his scooter. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim and the 50-H

testimony and documents filed in the *Roman* Action are false documents material to a false claim.

### *m. Dwight Marshall v. City of New York*

158. On or about February 19, 2019, Asher P.C. by Roberta Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $1 million, stating that on or about, November 28, 2018, Dwight Marshall ("Marshall") was traversing the sidewalk adjacent to premises at 262 Lewis Avenue, Brooklyn, New York, when he was caused to trip and fall due to the raised, uneven, misleveled metal plate covering a portion of the sidewalk.

159. The notice of claim filed by Roberta Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

160. Represented by Asher P.C. and an Asher Associate, Marshall provided sworn testimony at a Gen. Mun. L. § 50-H hearing held on August 21, 2019, at which Marshall confirmed the facts in his notice of claim. Specifically, Marshall testified that he was injured when he tripped over a metal plate on the sidewalk in front of 262 Lewis Avenue, Brooklyn, New York.

161. On or about February 20, 2020, Asher P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Dwight Marshall v. The City of New York and the New York City Department of Transportation*, Index No. 504263/2020 ("*Marshall Action*").

162. The verified complaint in the *Marshall* Action represented that on November 22, 2018, while Dwight Marshall was lawfully traversing the sidewalk in front of 262 Lewis Avenue

he was caused to trip and fall, and sustained severe and protracted personal injuries as a result of the negligence, carelessness and recklessness of the City.

163. The verified complaint in the *Marshall* Action contains an attorney's verification signed by Roberta Asher stating:

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

164. The verified bill of particulars in the *Marshall* Action represented that the subject incident occurred on November 22, 2018, on the sidewalk in front of 262 Lewis Avenue, Brooklyn, New York.

165. The verified bill of particulars contains an attorney verification executed by an Asher Associate, stating under penalty of perjury that having read the bill of particulars and becoming familiar with its contents, the contents were true to his own knowledge except as to matters stated to be alleged on information and belief but as to those matters, he believed them to be true.

166. The medical records from Interfaith Medical Center produced by Asher P.C. in the *Marshall* Acton provide:

DATE: 11/25/18 @ 0057 Interfaith Medical Center EDM *LIVE* PAGE 3
USER: RWILLIAMS EDM Patient Record

Patient MARSHALL,DWIGHT Account No. V00825212523
Age/Sex 49/M Unit No. I100631815

Objective/Subjective/Comment Data
*Subjective/Objective Comment Data*

PT ARRIVED IN ED WALK IN/ UNSTEADY GAIT- STATED
THAT HE IS FEELING DIZZY AFTER BEING IN A
FIGHT. PAIN TO LEFT SHOULDER- CUT TO LOWER LIP
AND LEFT HAND- NO ACTIVE BLEEDING. NO MED. HX.

167. Kings County Medical Center records produced by Asher P.C. in the *Marshall* Action provide in records dated December 17, 2018, that:

Chart Group: All Chart Review Items -- continued

Mon, 11Feb 1242 Ambcare Note:Hand Clinic final
Visit Date/Time : Mon, 11 Feb 2019 1242
Visit Provider : Roby Abraham, MD
Billing Provider : Pamela Levine, MD
Ambcare Service : Hand - 265
Preceptor : Pamela Levine, MD
CC/Reason for Visit : Followup, Monitor Tx Plan
HPI/Note : 49 y/o male presents today for a f/u on his left and surgery X 10 weeks. Patient states he was in a fight on Thanksgiving Day and was hit with a pipe across his hand. External fixator applied in OR -

Pertinent History : ORTHO/HAND ATTDG PREOP NOTE

49 M with PMH of HTN 9 days s/p assault with lead pipe with consequent fractures of the PP/MP of the 4th digit, and PP/metacarpal of the 5th digit, now for orif possible ex fix.

168. The injuries in the *Marshall* Action were the result of a fight in which Marshall was struck with a lead pipe, and have nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim and the documents and the 50-H testimony provided in the *Marshall* Action are false documents material to a false claim.

### *n. Michael Goody v. City of New York*

169. On a date after August 18, 2018, but before February 19, 2019, Asher P.C., by Roberta Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $2 million, claiming that on or about, August 18, 2018, at 10:30 pm, Michael Goody ("Goody")

> was riding his bicycle in an easterly direction on the roadway of Myrtle Avenue when his front wheel was caused to strike a hole/depression in the improperly paved and/or repaired area of the roadway within the crosswalk causing the claimant to lose control of the bicycle and be propelled over and off the bicycle and strike the roadway.

170. The notice of claim filed by Roberta Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and

> belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

171. Represented by Asher P.C. and Roberta Asher, Goody provided sworn testimony in a February 19, 2019, Gen. Mun. L. § 50-H hearing. In sum and substance Goody confirmed the facts represented in his notice of claim. Specifically, Goody testified that he was injured while riding a bicycle in an easterly direction on the roadway of Myrtle Avenue when he struck a hole or other defect in the roadway pavement.

172. On or about, November 15, 2019, Asher P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Michael Goody v. The City of New York and the New York City Department of Transportation*, Index No. 525080/2019 (the "*Goody* Action").

173. Roberta Asher represented in the verified complaint in the *Goody* Action that

> On August 18, 2020, while plaintiff was lawfully traversing the aforementioned roadway his bicycle struck a defective area of the pavement and plaintiff was precipitated to the ground thereby sustaining severe and protracted personal injuries.

174. The verified complaint in the *Goody* Action contains an attorney's verification signed by Roberta Asher stating

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

175. The *Goody* Action was consolidated with a related case, *Michael Goody v Restani Construction Corp. et al.*, Index No. 520914/2021 (the "*Goody II* Action"), which brought claims against a different set of defendants arising out of the same injury caused by the same alleged roadway defect.

176. The verified bill of particulars in the *Goody II* Action, (not produced in the *Goody I* Action) represents that the subject incident occurred on Saturday, August 18, 2018, at approximately 10:30 pm on the street and roadway of Myrtle Avenue between Washington Park and Carlton Avenue, Brooklyn, New York.

177. The medical records for Michael Goody from New York-Presbyterian Hospital produced by Asher P.C. in the *Goody* Action contain an entry for an emergency room admission for Goody dated August 18, 2018.

Goody, Michael (MR # 7217420) DOB: 10/04/1979 Encounter Date: 08/18/2018

**SHEMESH, AMOS JOSEPH (Attending) • ED Unified Attending Note:XA9047147881502040 • Sun Aug 19, 2018 03:07 AM Addended & E. Signed**

**Signed by Amos Joseph Shemesh, MD on 08/19/18 at 0307**

Physician Information:
Pre-Assessment Chief Complaint:
· Chief Complaint/Subjective: Fell off bicycle while avoiding car, c/o right hand pain, lacerations to b/l hands & nose

History of Present Illness:
CC/HP:
· Chief Complaint: fall from bicycle
· History of Present Illness: Pt was seen and examined by me
History provided by: patient
HPI: 38 yo m hx mild intermittent asthma, rarely uses inhaler, presents to ed after a fall from the side of his bicycle (not over handlebars) while trying to avoid a car. +helmeted. Multiple abrasions, no collision, no head strike

This is a 38y year old right-hand-dominant male who works as a brick layer, who was riding his bike and was nearly struck by a vehicle. He swerved to avoid the vehicle and ended up falling on to his outstretched hand, suffering a Volar Barton fracture. Orthopedic surgery was consult for management.

178. The injuries in the *Goody* Action were the result of a motor vehicle encounter having nothing to do with a roadway defect for which the City could be liable. The notice of claim filed by Asher P.C. and Ryan Asher is a false claim and the documents filed in the *Goody* Action and the *Goody II* Action are false documents material to a false claim.

### *o. Lagarthucin Legrand v. City of New York*

179. On or about October 9, 2017, Asher P.C., by Roberta Asher presented a notice of claim to the Office of the New York City Comptroller through the City's electronic submission system demanding payment of $1 million, claiming that on or about, July 9, 2017, at 1:30 am, Lagarthucin Legrand ("Legrand"), at the north side of New York Avenue, between Sterling Street and Empire Boulevard, Brooklyn, New York.:

> claimant was the operator of a motor scooter which struck a depressed, broken, cracked, misleveled, uneven, defective area in the roadway causing claimant to be propelled from the motor scooter onto the roadway. As a result, claimant sustained a serious injury to his right wrist.

180. The notice of claim filed by Roberta Asher provides:

> I certify that all information contained in this notice is true and correct to the best of my knowledge and belief. I understand that the willful making of any false statement of material fact herein will subject me to criminal penalties and civil liabilities.

181. Represented by Asher P.C. and an Asher Associate, Legrand provided sworn testimony in a February 8, 2018, Gen. Mun. L. § 50-H hearing. In sum and substance Legrand confirmed the facts represented in his notice of claim, specifically that while riding a motor scooter he struck a roadway defect and fell from the motor scooter onto the roadway, injuring his right wrist.

182. On or about, October 1, 2018, Asher P.C. by Roberta Asher filed in Supreme Court, Kings County a verified complaint in an action captioned *Lagarthucin Legrand v. The City of New York and the New York City Department of Transportation*, Index No. 519742/2018 (the "*Legrand* Action").

183. Roberta Asher represented in the verified complaint in the *Legrand* Action that

> On July 9, 2017, while plaintiff was lawfully riding his scooter on New York Avenue between Sterling Street and Empire Boulevard, Brooklyn, New York he was caused to be propelled off his scooter and fall when the scooter hit a hole/depression in the roadway.

184. The verified complaint in the *Legrand* Action contains an attorney's verification signed by Roberta Asher stating

> I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

185. The medical records for Legrand from Kings County Hospital Center produced by Asher P.C. in the *Legrand* Action contain an entry for an emergency room visit by Legrand on July 9, 2017:

```
Tue, 22 Aug 17  0636                                          Page 24 of 31
User ID: 35256
                       Kings County Hospital Center
                   451 Clarkson Avenue, Brooklyn, NY 11203

                           Institute of Pathology
                           Steve Xie, MD, Director

Location       Patient Name            Patient Number  Visit Number  Age   Sex
DIS-EPDIS-EP   Legrand,Lagarthucin     221741          221741-18     44Y   M


Unscheduled ED Provider Initial Note
Event Time: Sun, 09 Jul 17  0358                           Status: complete

Tue, 11 Jul 17  1626    Documented by Walter Valesky, MD

Time Patient Seen       : Sun, 9 Jul 2017  0340
ED Attending            : Walter Valesky, MD
Documenting Provider    : Wendy Chan, MD
HPI                     : 44 YOM no PMH presents with right wrist and right
                          buttock/low back pain s/p motorcycle accident.
                          Moderate pain, worse with movement to 10/10 in
                          thigh. Sharp. Pt states there was a collision in
                          front of him, he slowed from to approx. 20mph and
                          then rear-ended the vehicle in front of him.  No
                          LOC.  Pt wearing helmet and roadrash/leather
                          motorcycle gear.  Pt denies CP or SOB.  No numbness
                          or weakness. Smoked marijuana earlier today, denies
                          recent drug or ETOH use.
```

186. The injuries in the *Legrand* Action were the result of a motor vehicle accident having nothing to do with a roadway defect for which the City could be liable. The notice of

claim filed by Asher P.C. and Ryan Asher is a false claim and the documents filed in the *Legrand* Action are false documents material to a false claim.

***p. Dira Realty LLC. v. Asher and Associates***

187. On or about April 23, 2026, a group of Brooklyn property owners filed an action in Supreme Court, Kings County captioned *Dira Realty*, *LLC v. Asher and Associates,* Index No. 514675/2026 ("*Dira Realty*"), in which the property owners alleged that Asher and Associates, P.C. had filed approximately four (4) negligence actions in which the property owners alleged

> Defendant Asher and Associates LLC. (ASHER) is a New York law firm that has initiated, prosecuted, and continues to pursue, fraudulent cases for personal injuries and related damages against the Property LLC.'s which follow a common pattern and scheme. Each of these cases involve claims that the individual plaintiff allegedly tripped and fell on a defect on the sidewalk abutting the Property LLC's multi-family residential building. Each and every one of the purported claims were not reported contemporaneously and were un-witnessed. However, in each case the claimed injuries were reported to the treating physicians in the hospital as arising from completely different circumstances than the lawsuit(s) allege. Three of the claims in fact arose from a physical altercation, one did not involve an accident at all, and is merely a preexisting condition, and one arose from an accident in the plaintiff's home involving a knife.

188. Shortly after the *Dira Realty* action was filed, the Asher Defendants executed stipulations of discontinuance with prejudice for each of the four cases targeted as fraudulent by the *Dira Realty* complaint.

**Allegations Relevant to the Violation of the RICO Statute, 18 U.S.C. § 1961, *et seq.***

189. The RICO statute, 18 U.S.C. § 1961, *et seq*., makes it unlawful for any person employed by or associated with an enterprise engaged in or affecting interstate commerce to

conduct or participate, directly or indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity.

190. "Racketeering activity" includes any act indictable under 18 U.S.C. § 1341 and 1343; *i.e.*, violation of the mail and wire fraud statutes. *See* 18 U.S.C. § 1961(1). A mail or wire fraud violation is a RICO "predicate offense." Violation of the mail and wire fraud statutes constitutes "racketeering activity" within the meaning of the RICO statute.

***The RICO Persons***

191. Ryan Asher and Roberta Asher are owners or principals of a professional corporation formed for the practice of law known as Asher & Associates, P.C. ("Asher P.C.").

192. Defendants John Doe 1-3 are "associate" attorneys presently or formerly employed by or associated with Asher P.C., referred to collectively as the "Asher Associates." The Asher Associates have performed legal work principally consisting of the tasks necessary to litigate personal injury claims in the courts of the State of New York. The Asher Associates performed that work knowing that cases handled by Asher P.C. were premised on false narratives that misstated the causes of the injuries sustained by Asher P.C. clients and falsely attributed injury causation to the City. The Asher Associates knew that the narratives offered by Asher P.C. were false because the Asher Defendants had access to client medical records either before filing the notices of claims or before filing actions in Supreme Court, as shown by the sophisticated anatomical terminology from the medical records repeated more or less verbatim in the notices of claim or bills of particular.

193. Defendants John Doe 4-6 are so-called "runners" ("the John Doe Runners") who serve as personal injury brokers by locating persons with legally weak or non-compensable injuries and presenting them to attorneys willing to provide false narratives that serve to convert otherwise non-compensable claims into claims that could plausibly support a settlement or

judgment at trial. The John Does Runners know that that the injury narratives in the cases they bring to the Asher Defendants falsely attribute liability to the City.

194. John Does 7-9 are "litigation funders" (the "John Doe Funders")who invest in personal injury cases by advancing money to support litigants and pay litigation expenses in cases brought by the Asher Defendants against the City and others. The John Doe Funders advance expenses with the knowledge that the injury narratives in the cases they invest in falsely attribute liability to the City.

***The Enterprises***

195. Asher, P.C., as a corporation, is *per se* an enterprise within the meaning of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO"). In conducting the affairs of a corporation through a series of related predicate acts of mail and wire fraud, Ryan Asher and Roberta Asher, the Asher Associates, the John Doe Runners and the John Doe Funders conduct Asher P.C. as a racketeering enterprise as defined by RICO (the "Asher P.C. Enterprise").

196. Ryan Asher, Roberta Asher, the Asher Associates, and the John Doe Runners and John Doe Funders have over the last ten years also constituted an association-in-fact enterprise ("AIF Asher Enterprise"). The AIF Asher Enterprise consists of persons associated together through personal relationships for the shared purpose of obtaining money from the City and others by presenting and pursuing false personal injury claims. In associating with one another to engage in coordinated action through related predicate acts, including mail and wire fraud, Ryan Asher, Roberta Asher, the Asher Associates, the John Doe Runners and John Doe Funders operate as an association-in-fact enterprise.

**The Racketeering Acts**

197. Over the course of at least the past ten years, Ryan Asher and Roberta Asher and the Asher Associates have sought money payments from the City through the use of the City's electronic claims submission system to present "notices of claim" pursuant to Gen. Mun. L. § 50-e to the Office of the New York City Comptroller. An unknown but significant number of the claims presented present false narratives in which the claimed injuries did not arise from the City's conduct but instead from events for which the City could not conceivably bear factual or legal responsibility, principally third-party motor vehicle accidents, including hit and runs, or third-party assaults, or the plaintiffs' own negligence.

198. When the notices of claim submitted to the Comptroller were not paid by the City, Ryan Asher, Roberta Asher and the Asher Associates proceeded to commence and then engage in protracted personal injury litigation against the City (and others), by filing litigation papers that relied on the false narratives presented in the notices of claim. The litigation filings are intended to serve as material support for the false claims made in the notices of claim.

199. By submitting notices of claim and pursuing litigation based on false narratives, Ryan Asher, Roberta Asher and the Asher Associates use the mails and wires to engage in a scheme or artifice to defraud, or obtain money or property by means of false or fraudulent pretenses or representations, in violation of 18 U.S.C. §§ 1341 and 1343, including but not limited to the following predicate acts:

| When: | By: | What sent: | How sent: | Why False/in furtherance: |
|---|---|---|---|---|
| 1/8/24 | Ryan Asher | Notice of Claim Dorcus Vailes | wire | Claim: Road defect Medicals: Fell avoiding a car |
| 8/21/23 | Ryan Asher | Notice of Claim Linthiel Boomer | wire | Claim: Road Defect Medicals: rear-ended a vehicle |
| 10/10/22 | Ryan Asher | Notice of Claim Akueteh Hammond | wire | Claim: Road Defect Medicals: hit by a car |
| 8/10/22 | Ryan Asher | Notice of Claim Johans Rosero | wire | Claim: Road defect Medicals: was a hit and run |
| 1/7/22 | Ryan Asher | Notice of Claim Mark Boyd-Coggins | wire | Claim: Road defect Medicals: rear-ended a vehicle |
| 12/8/21 | Ryan Asher | Notice of Claim Tyquan Banks | wire | Claim: Road defect Medicals: skid on wet pavement |
| 10/31/21 | Ryan Asher | Notice of Claim Wayne Peacock | wire | Claim: Road defect Medicals: fell avoiding a car |
| 8/30/21 | Roberta Asher | Notice of Claim Khalil Rowe | wire | Claim: Road defect Medicals: ran into a car door |
| 8/9/21 | Roberta Asher | Notice of Claim Jermaine Corley | wire | Claim: Road defect Medicals: fell a week before, got into a fight day of |
| 7/30/21 | Ryan Asher | Notice of Claim Tyrique McNeal | wire | Claim: Road defect Medicals: hit by a car |
| 6/4/21 | Ryan Asher | Notice of Claim Aaron Archer | wire | Claim: Road defect Medicals: hit by a car |
| 1/28/21 | Roberta Asher | Notice of Claim Troy Roman | wire | Claim: Road defect Medicals: slipped off scooter |

| | | | | |
|---|---|---|---|---|
| 2/19/19 | Roberta Asher | Notice of Claim Dwight Marshall | wire | Claim: Sidewalk Defect Medicals: in a fight, struck with a pipe |
| 1/18/18 | Roberta Asher | Notice of Claim Michael Goody | wire | Claim: Road defect Medicals: Fell avoiding car |
| 10/9/17 | Roberta Asher | Notice of Claim Lagarthucin Legrand | wire | Claim: Road defect Medicals: Rear ended a stopped vehicle |

200. The *Vailes* Action, *Boomer* Action, *Hammond* Action, *Rosero* Action, *Archer* Action, *Boyd-Coggins* Action, *Banks* Action, *Peacock* Action, *McNeal* Action, *Rowe* Action, *Corley* Action, *Roman* Action, *Marshall* Action, *Goody* Action and *Legrand* Action are referred to collectively as the "False Claim Actions."

201. At all times relevant to this complaint, in violation of the 18 U.S.C. § 1341 and 1343, the Asher Defendants knowingly and intentionally used the mails and the wires in aid of a scheme to obtain money and property from the City through false representations as to the causes of accidents in which City residents had presented notices of claim with the City.

202. Each mailing or wire transmission involving a false or fraudulent representation constitutes a separate violation of the mail or wire fraud statutes and is a racketeering act as defined by the RICO statute. The Asher Defendants accordingly committed hundreds if not thousands of racketeering acts during the ten years preceding the filing of this complaint because every document filed in the False Claim Actions contains or is in support of a false representation in aid of a scheme.

203. The racketeering acts constitute a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961, in that they consist of two or more acts of racketeering activity having a common purpose within a ten-year period, thereby demonstrating close-ended

continuity and also demonstrate open-ended continuity in that the facts show they will continue absent intervention.

204. Ryan Asher and Roberta Asher and each Asher Associate participate in the affairs of Asher P.C. and/or the AIF Asher Enterprise by engaging in the tasks and activities necessary to draft personal injury litigation papers, including notices of claim, summons and complaints, bills of particular and other litigation-related documents. Ryan Asher and Roberta Asher and each Asher Associate assist clients in fabricating narratives that allege liability for the City where liability would not exist but for the false narrative.

205. The Asher Defendants coach personal injury plaintiffs on how to offer false testimony in support of the clients' cases against the City.

206. The Asher Defendants provide photographic evidence purporting to show the roadway defect causing their clients' injuries with the knowledge that the defects had nothing to do with the cause of the injuries.

207. Ryan Asher and Roberta Asher and each Asher Associate also participate in the affairs of Asher P.C. and/or the AIF Asher Enterprise by engaging in the routine tasks and activities that are a necessary part of litigating personal injury cases, including engaging in court appearances, negotiating with opposing attorneys and engaging in settlement proceedings.

208. The Doe Runners participate in the affairs of Asher P.C. and the AIF Asher Enterprise by introducing potential clients to the Asher Defendants knowing that those persons will be the source of personal injury claims premised on false narratives regarding the cause of injury.

209. The "Doe Funders," participate in the affairs of Asher P.C. and the AIF Asher Enterprise by profiting from advancing litigation expenses to personal injury plaintiffs and the

Asher Defendants knowing that the funds will be used support personal injury claims based on false causation narratives.

***The Purposes, Methods and Means of the Enterprises***

210. Asher P.C. and the AIF Asher Enterprise have engaged for at least the past ten years in the presentation and litigation of false personal injury claims against the City, obtaining money from settlements or judgments worth millions of dollars for members of the Enterprises and injuring the City in its business and property millions of dollars through the payment of settlement payments, litigation expenses and wasted employee time.

211. At all times relevant to this complaint the Asher Defendants conducted the affairs of Asher P.C. and/or the AIF Asher Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1)(B), consisting principally of multiple and continuing instances of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

212. The principal purpose of the Asher P.C. and AIF Asher Enterprises is to generate money for enterprise members by commencing and engaging in the litigation of personal injury cases premised on false narratives alleging City liability. The Asher Defendants, as members or associates of Asher P.C. and/or the AIF Asher Enterprise, sought to and did engage in conduct intended to achieve that goal through various legal and illegal activities, principally involving the presentation of and litigation of personal injury cases founded upon false narratives of City liability.

213. Ryan Asher and Roberta Asher, each Asher Associate, the Doe Runners and the Doe Funders consult with potential personal injury clients and evaluate the strength of their cases. On information and belief, strong cases – where liability can be truthfully alleged against a party with resources to defend and pay a settlement or judgment – are litigated under their actual facts. For cases in which the potentially liable party was unknown or non-existent, *e.g.*, a hit and

run or negligent plaintiff, the Asher Defendants devised scenarios premised on defective roadways that would allege the liability of the City or another deep-pocket defendant.

214. The Asher Defendants drafted notices of claim and litigation documents to initiate personal injury cases and engage in conduct necessary for the Asher P.C. and/or the AIF Asher Enterprise to successfully earn money through the litigation of personal injury cases based on fabricated facts.

215. Each of the acts described herein have been against the same victim – the City, used the same means and methods, involved the same actors, and are otherwise horizontally related. The acts are vertically related as they are in furtherance of the Enterprises and necessary to achieve the goals of the Enterprises. Both closed and open continuity are satisfied by the six (6) years of virtually identical conduct described for the fifteen (15) cases herein. The ongoing nature of the predicate acts creates an inference that the conduct of the Asher Defendants will continue unless abated by this action.

***Role of Ryan Asher***

216. At all times relevant to this complaint, Ryan Asher participated in the management and operation of Asher P.C. and/or the AIF Asher Enterprise, in among other ways by:

a. Engaging in the long-term planning and day-to-day activities required to litigate personal injury cases, including devising scenarios at locations and through causes that through false narratives created the appearance of City liability for the injuries.

b. Instructing others in the techniques for litigating false personal injury cases;

c. Engaging in settlement discussions and negotiations with attorneys for the City in which the basis for the negotiations consisted of facts that falsely appeared to point to City liability.

d. Making representations to the courts as to the need for court participation in cases in which the factual basis for the case was fabricated to point to City liability.

e. Employing and directing other individuals, including the Asher Associates, to engage in the above activities.

f. Meeting with the Doe Runners and the Doe Funders to arrange for the representation of personal injury clients by means of false narratives and to secure litigation expenses during the pendency of the cases relying on false narratives.

***Role of Roberta Asher***

217. At all times relevant to this complaint, Roberta Asher participated in the management and operation of Asher P.C. and/or the AIF Asher Enterprise by, among other things:

a. Engaging in the long-term planning and day-to-day activities required to litigate personal injury cases, including devising scenarios in which clients were injured at locations and through causes that through false narratives created the appearance of City liability for the injuries.

b. Instructing others in the techniques for litigating false personal injury cases;

c. Engaging in settlement discussions and negotiations with attorneys for the City in which the basis for the negotiations consisted of false facts that appeared to point to City liability.

d. Making representations to the courts as to the need for court participation in cases in which the facts were fabricated to provide an appearance of City liability.

e. Employing and directing other individuals, including the Asher Associates, to engage in the above activities.

f. Meeting with the Doe Runners and the Doe Funders to arrange for the representation of personal injury clients by means of false narratives and the payment of litigation expenses during the pendency of cases relying on false narratives.

***Role of The Asher Associates***

218. At all times relevant to this complaint, the Asher Associates participated in the management and operation of Asher P.C. and/or the AIF Asher Enterprise by, among other things:

a. Engaging in the day-to-day activities required to litigate personal injury cases, including implementing false scenarios that created the appearance of City liability for the injuries.

b. Coaching Asher P.C. and AIF Asher Enterprise clients at 50-H hearings to provide false testimony in support of claims against the City.

c. Assisting Ryan Asher and Roberta Asher in litigating false personal injury cases.

d. Making representations to the courts as to the need for court participation in cases in which the facts were fabricated to provide an appearance of City liability.

***Roles of The Doe Runners and Doe Funders***

219. At all times relevant to this complaint, the Does Runners and the Doe Funders participated in the management and operation of Asher P.C. and/or the AIF Asher Enterprise by, among other things:

a. Knowingly providing Asher P.C. and Asher P.C. and/or the AIF Asher Enterprise with potential personal injury clients willing to knowingly provide false testimony in personal injury suits brought against the City.

b. Advancing litigation expenses to support litigation against the City with knowledge that the litigation was premised on false causation narratives.

220. The conduct of Asher P.C. and/or the AIF Asher Enterprise described above injures New York City in its business and property by forcing the City to expend money to defend itself in lawsuits in which the City had no liability as a matter of fact or law, and pay settlements and judgments in proceedings in which the City had no liability as a matter of fact or law.

***Allegations Related To Conspiracy To Violate RICO***

221. At all times relevant to this complaint, Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners, and Doe Funders conspired among themselves to violate the provisions of 18 U.S.C. § 1962(c), in violation of 18 U.S.C. § 1962(d), by agreeing to further endeavors of Asher P.C. and/or the AIF Asher Enterprise that, when completed, constituted mail and wire fraud in violation of 18 U.S.C. § 1341 and 1343 by using the mails and wires to execute a scheme intended to defraud the City of money through personal injury suits falsely alleging the City's negligence as the cause of the claimed injuries.

222. At all times relevant to this complaint, the Ryan Asher, Roberta Asher and the Asher Associates, the Doe Runners and Doe Funders agreed to a plan whereby the Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and Doe Funders would prevail upon clients to provide false causation testimony, the Asher Defendants would file and prosecute personal injury cases that sought the payment of money by the City on the basis of that false causation testimony, and the Doe Funders would provide financial support for those efforts knowing the testimony offered was false.

223. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and Doe Funders each recognized that an essential element of the plan consisted of multiple violations of the mail and wire fraud statutes, 18 U.S.C. §§ 1341 and 1343 in that the mails and wires were used in service of a scheme or device to deprive the City of money through false testimony. Ryan Asher, Roberta Asher the Asher Associates, the Doe Runners and Doe Funders agreed that certain members of Asher P.C. and/or the AIF Asher Enterprise would violate the mail and wire fraud statutes by filing notices of claim, complaints, bills of particular and other legal documents containing false causation narratives while other Enterprise members would engage in conduct intended to support and facilitate those violations, principally in the form of providing clients

with alternative but untrue narratives as to injury causation, inducing the clients to provide false testimony at § 50-H hearings and depositions, and providing the clients with litigation expenses during the pendency of their cases.

224. At all times relevant to this complaint, the Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and Doe Funders were associated with Asher P.C. and/or the AIF Asher Enterprise, an enterprise that engaged in, and the activities of which affected interstate and foreign commerce. Ryan Asher, Roberta Asher the Asher Associates, the Doe Runners and Doe Funders knowingly and intentionally conspired to violate 18 U.S.C. § 1962(c) by conducting and participating, directly and indirectly, in the affairs of Asher P.C. and/or the AIF Asher Enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), (5).

225. The pattern of racketeering activity through which Ryan Asher, Roberta Asher and one or more Asher Associates agreed to conduct the affairs of Asher P.C. and/or the AIF Asher Enterprise consisted of acts of mail or wire fraud. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and Doe Funders each agreed that some conspirators would commit at least two acts of racketeering in conducting the affairs of Asher P.C. and/or the AIF Asher Enterprise and other conspirators would support the commission of those acts.

226. The conduct of Asher P.C. and/or the AIF Asher Enterprise described above has injured New York City in its business and property by requiring the City to expend money to defend itself in lawsuits in which the City had no liability as a matter of fact and law, and to pay settlements and judgments in lawsuits in which the City had no liability as a matter of fact or law.

## **Allegations Related to the New York City False Claims Act**

227. The NYC False Claims Act, Admin. Code §§ 7-801 through 7-810, imposes liability on any person who, among other things:

> (a) "knowingly presents, or causes to be presented, to any city officer or employee, a false claim for payment or approval by the city," Admin. Code § 7-803(a)(1);
>
> (b) "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false claim paid or approved by the city," *id*. § 7-803(a)(2);
>
> (c) "conspires to defraud the city by getting a false claim allowed or paid by the city," *id*. § 7-803(a)(3); or
>
> (d) "knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease, directly or indirectly, an obligation to pay or transmit money or property to the city," *id*. § 7-803(a)(7).

228. For purposes of the NYC False Claims Act, a "claim" includes "any request or demand for money or property" made to an officer, employee, or agent of the city, or to "any contractor, grantee or other recipient" if the "city provides or has provided the money or property which is requested or demanded, or will reimburse such contractor, grantee or other recipient for the money or property which is requested or demanded." *NYC Admin. Code* § 7-802.

229. For purposes of the NYC False Claims Act the terms "knowing" and "knowingly" mean that with respect to information, a person: (i) has actual knowledge of the falsity of the information, or (ii) acts in deliberate ignorance of the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information. *NYC Admin. Code* § 7-802[5].

230. The Asher Defendants acted "knowingly" because they were in possession of that contained medical records containing injury narratives entirely inconsistent with an injury caused by a roadway defect, such as injuries caused by motor vehicle collisions, including hit and runs, assaults, slips on wet or oily pavement, rear-end collisions resulting from a sudden stop by a third-party leading vehicle or collisions car doors abruptly opened by third parties.

231. The use of anatomically-precise injury descriptions couched in medical terminology in the notices of claim filed by the Asher Defendants, such as "a tibial plateau fracture and closed displaced comminuted fracture of the shaft of the tibia of the right leg requiring open reduction internal fixation" confirms that the Asher Defendants possessed medical records for each False Claim Action when they filed the notices of claim, as does the fact that injury descriptions in the notices of claim closely resemble the injury descriptions in the medical records. To the extent the Asher Defendants filed notices of claim or litigation documents without reviewing client medical records beforehand or at all, the Asher Defendants acted recklessly.

232. The scienter of the Asher Defendants is established by the fact that in every one of the False Claim Actions, Asher clients' injury descriptions in the medical records were never included and deliberately concealed in the notices of claim, the 50-H testimony, the verified complaints, and the bills of particular.

233. Each notice of claim filed in the False Claim Actions is a false claim as defined by the NYC False Claims Act

234. The § 50-H testimony given by each False Claim Action plaintiff in each of the False Claim Actions are false statements material to a false or fraudulent claim to have a false claim paid or approved by the City.

235. Each document filed by the Asher Defendants in the False Claim Actions, including but not limited to bills of particular, complaints, and motions, are false records, and contained false statements material to a false or fraudulent claim presented to get a false claim paid or approved by the City.

236. If the City's corporation counsel finds that a person has violated or is violating the provisions of section 7-803 of this chapter, he or she may institute a civil enforcement action against that person in any court of competent jurisdiction. Ad. Code § 7-804.

**Allegations Related to The New York State False Claims Act**

237. The NYS False Claims Act, *State Fin. Law* §§ 187 through 194, prohibits any person from, among other things:

> (a) knowingly presenting, or causing to be presented, a false or fraudulent claim for payment or approval to, *inter alia*, a state or local government officer, employee, or agent;
>
> (b) knowingly making, using, or causing to be made or used a false record or statement material to a false or fraudulent claim;
>
> (c) knowingly making, using, or causing to be made or used a false record or statement material to an obligation to pay or transmit money or property to the state or local government, *State Fin. Law* § 189(1)(g);
>
> (d) knowingly concealing or knowingly and improperly avoiding or decreasing an obligation to pay or transmit money or property to the state or local government, or conspiring to do the same, *id.* § 189(1)(h); and
>
> (e) conspiring to commit any such violation, *id.* § 189(1)(c).

238. For purposes of the NYS False Claims Act, covered claims include those made to local governments, defined as "any New York county, city, town, village, school district, board of cooperative educational services, local public benefit corporation or other municipal corporation or political subdivision of the state, or of such local government." The NYS False Claims Act thus covers claims made to the City of New York and its agencies, including the Office of the Comptroller.

239. The notices of claim filed with respect to the False Claim Actions are false claims as defined by the NYS False Claims Act in that they are false statements presented to the City that seek payments of City funds.

240. The testimony given by each plaintiff at their § 50-H hearing in each of the False Claim Actions consisted of false statements material to a false or fraudulent claim as defined by the NYS False Claims Act.

241. Each document filed by the Asher Defendants in the False Claim Actions, including but not limited to bills of particular, complaints, and motions, are false records material to a false or fraudulent claim.

**FIRST CLAIM FOR RELIEF**
**(Violation of 18 USC § 1962(c))**

242. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

243. New York City is a "person" as defined in 18 U.S.C. §§ 1961(3) and 1962(c).

244. Ryan Asher, Roberta Asher, each Asher Associate, each Doe Runner and Doe Funder is a "person" as defined in 18 U.S.C. §§ 1961(3) and 1962(c).

245. Asher P.C. and the AIF Asher Enterprise are each "enterprises" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). Asher P.C. and the AIF Asher Enterprise engage in and their activities have an effect on interstate commerce.

246. Ryan Asher, Roberta Asher, each Asher Associate, each Doe Runner and Doe Funder has been associated with or employed by Asher P.C. or the AIF Asher Enterprise and participates directly and indirectly in the conduct of enterprise affairs through a pattern of racketeering activity, in the form of the electronic submission of false personal injury narratives that seek payment of City funds, in violation of 18 U.S.C. §§ 1341 and 1343.

247. The predicate acts of mail and wire fraud constitute an open-ended pattern of unlawful activity within the meaning of 18 U.S.C. § 1961(1)(B). Defendants repeatedly used the mails or wires to transfer documents in furtherance of Asher P.C.'s or AIF Asher Enterprise's fraudulent scheme. Each defendant's acts are connected to one another as part of a scheme to accomplish a uniform purpose, *i.e.*, the extraction of funds from New York City to which the Asher Defendants are not legally entitled.

248. The City of New York has suffered injury to its business or property within the meaning of 18 U.S.C. § 1964(c) by reason of Defendants' violation of 18 U.S.C. § 1962(c), in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Violation of 18 USC § 1962(d))**

249. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

250. New York City is a "person" as defined in 18 U.S.C. §§ 1961(3) and 1962(c).

251. Ryan Asher, Roberta Asher, each Asher Associate, each Doe Runner and each Doe Funder is a "person" as defined in 18 U.S.C. §§ 1961(3) and 1962(c).

252. Asher P.C. and the AIF Asher Enterprise are each an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c). Asher P.C. and the AIF Asher Enterprise engage in and their activities have an effect on interstate commerce.

253. Ryan Asher, Roberta Asher, each Asher Associate, each Doe Runner and Doe Funder is associated with Asher P.C. and the AIF Asher Enterprise and conspired within the meaning of 18 U.S.C. § 1962(d) to violate 18 U.S.C. § 1962(c).

254. Ryan Asher, Roberta Asher, each Asher Associate, each Doe Runner and each Doe Funder agreed and intended to participate in the affairs of Asher P.C. and the AIF Asher

Enterprise through a pattern of racketeering activity by furthering or facilitating endeavors of the Enterprise that, when completed, would satisfy all the elements of a criminal offense, to wit, multiple and repeated acts of mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343.

255. With knowledge that Asher P.C. and the AIF Asher Enterprise engaged in multiple and repeated violations of 18 U.S.C. §§ 1341 and 1343, Ryan Asher, Roberta Asher, each Asher Associate, each Doe Runner and each Doe Funder agreed to facilitate the above-described acts of other enterprise members or associates that were necessary to further the scheme to defraud the City through the filing of false personal injury claims.

256. The City of New York has suffered injury to its business or property within the meaning of 18 U.S.C. § 1964(c) by reason of the defendants' violation of 18 U.S.C. § 1962(d), in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### *NYS False Claims Act - Presentation Of False Claims*
### State Finance Law § 189(1)(a)

257. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

258. Ryan Asher knowingly presented or caused to be presented to officers, employees, and agents of the City of New York false and fraudulent claims for payment or approval in violation of the NYS False Claims Act.

259. Roberta Asher knowingly presented or caused to be presented to officers, employees, and agents of the City of New York false and fraudulent claims for payment or approval.

260. The false and fraudulent claims were the notices of claim in each of the False Claim Actions.

261. Ryan Asher and Roberta Asher knew that in each False Claim Action each notice of claim was false and fraudulent. At the time the notices were presented to the City, Ryan Asher and Roberta Asher possessed medical records or other information describing the causes of their clients' injuries as something other than a roadway defect, the cause offered in each notice of claim in each False Claim Action.

262. In having to respond to the false and fraudulent claims made in the False Claim Actions the City suffered substantial damages.

263. Ryan Asher and Roberta Asher are jointly and severally liable to the City of New York for treble damages and civil penalties of not less than $14,308 and not more than $28,619 for each violation of the NYS False Claims Act.

**FOURTH CLAIM FOR RELIEF**
***NYS False Claims Act - Making Or Using False Records Material To A False Claim***
**(State Finance Law § 189(1)(b))**

264. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

265. Ryan Asher, Roberta Asher and the Asher Associates knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims for payment to the City, including but not limited to complaints, bills of particular and motion papers, in violation of the NYS False Claims Act.

266. Ryan Asher, Roberta Asher and the Asher Associates knew that the complaints, bills of particular, and motion papers they filed were false and fraudulent because at the time they presented those papers they possessed their clients' medical records or other information that identified a cause of injury for which the City was not legally responsible.

267. The false records were material to the City's payment of or decision to pay the false claim.

268. Ryan Asher, Roberta Asher and the Asher Associates are jointly and severally liable for treble damages and civil penalties of not less than $14,308 and not more than $28,619 per violation.

**FIFTH CLAIM FOR RELIEF**
***NYS False Claims Act – Conspiracy***
**(State Finance Law § 189(1)(c))**

269. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

270. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders conspired with one another to commit acts prohibited by *State Fin. Law* § 189(1)(a), (b), (g), and (h). Each of them played a role in presenting the false claims: Ryan Asher and Roberta Asher developed the false narrative of an accident, Ryan Asher and Roberta Asher provided through their licensure as attorneys the knowledge and ability to present materials to the New York City Comptroller and the courts, the Asher Associates provided the legal work necessary to litigate the cases brought, the Doe Runners procured clients willing to testify falsely as to the cause of their injuries, and the Doe Funders knowingly supplied financing supporting the scheme.

271. In furtherance of the conspiracy, Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders performed the overt acts described in this complaint, including the submission of false claims to the City, the preparation of false notices of claim and false litigation documents intended to obtain money from the City, and the acts needed to fund the scheme.

272. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders are jointly and severally liable for treble damages and civil penalties of not less than $14,308 and not more than $28,619 per violation.

**SIXTH CLAIM FOR RELIEF**
***NYC False Claims Act - Presentation of False Claims to The City***
**(Admin. Code § 7-03(a)(1))**

273. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

274. Ryan Asher knowingly presented, or caused to be presented to officers, employees, and agents of the City of New York false and fraudulent claims for payment or approval in violation of the NYC False Claims Act.

275. Roberta Asher knowingly presented, or caused to be presented to officers, employees, and agents of the City of New York, false and fraudulent claims for payment or approval in violation of the NYC False Claims Act.

276. The false and fraudulent claims consisted of the notices of claim in each of the False Claim Actions.

277. Ryan Asher and Roberta Asher knew that in each False Claim Action each notice of claim was false and fraudulent. At the time the documents were presented to the City, Ryan Asher and Roberta Asher possessed medical records or other information that described the cause of injury in each False Claim Action as something other than a roadway defect as alleged in the notices of claim.

278. The City of New York suffered substantial damages as a result of the false claims presented by Ryan Asher and Roberta Asher.

279. Ryan Asher and Roberta Asher are jointly and severally liable to the City of New York for treble damages and civil penalties of not less than $5,000 and not more than $15,000 for each false or fraudulent claim submitted during the applicable limitations period.

**SEVENTH CLAIM FOR RELIEF**
***NYC False Claims Act - Making or Using False Records Material to a False Claim***
**Admin. Code § 7-803(a)(2))**

280. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

281. Ryan Asher, Roberta Asher and the Asher Associates knowingly made, used, or caused to be made or used, false records or statements material to false or fraudulent claims presented to the City in violation of the NYC False Claims Act.

282. Those false records and statements material to a false claim include, without limitation:

- complaints filed in the courts of the State of New York in each of the False Claim Actions;
- bills of particulars filed in filed in the courts of the State of New York in each of the False Claim Actions
- motion papers filed in the courts of the State of New York in each of the False Claim Actions

283. The false records and statements were material to the payment of the false claims, in that the City would not pay or consider to pay the claims had it known that the facts stated in those documents were false.

284. The City of New York suffered substantial damages as a result of the false records and statements that were material to the false claims presented by Ryan Asher and Roberta Asher and the Asher Associates.

285. Ryan Asher and Roberta Asher are jointly and severally liable to the City of New York for treble damages and civil penalties of not less than $5,000 and not more than $15,000 per violation.

**EIGHTH CLAIM FOR RELIEF**
***NYC False Claims Act – Conspiracy***
**(Admin. Code § 7-803(a)(3))**

286. The City realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

287. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders conspired to defraud the City of New York by presenting false claims to the City in violation of the NYC False Claims Act

288. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders jointly developed a scheme to obtain money from the City by filing false notices of claim.

289. The scheme was effected by filing notices of claim with the New York City Comptroller through the City's electronic submission system which sought payments for *bona fide* injuries but caused by events in which the City had no role and no legal responsibility.

290. Ryan Asher, Roberta Asher the Asher Associates, the Doe Runners and the Doe Funders effected the scheme by filing notices of claim and litigation papers that falsely identified the causes of the injuries in the False Claim Actions as roadway defects.

291. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders knew the notices of claim presented were false and fraudulent because at the time the notices of claim were presented to the City Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders were in possession of medical records or other

information that contradicted the representations concerning causation made in the False Claim Actions.

292. In furtherance of the conspiracy, Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders knowingly prepared and filed with the courts documents material to false and fraudulent claims for payment or approval.

293. In furtherance of the conspiracy, Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders committed the overt acts alleged herein, including the submission of false claims to the City and the preparation of documents material to the payment of a false claim

294. Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders are jointly and severally liable to the City of New York for treble damages and civil penalties of not less than $5,000 and not more than $15,000 per violation.

**WHEREFORE**, the City respectfully requests that this Court enter judgment, as follows:

i) Against Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders jointly and severally under 18 U.S.C. § 1962(c) for conducting or participating, directly or indirectly, in the conduct of the affairs of Asher P.C. and/or the AIF Asher Enterprise through a pattern of racketeering activity in violation of that statute; and

ii) Against Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders jointly and severally under 18 U.S.C. § 1962(d) for conspiring to conduct the affairs of Asher P.C. and/or the AIF Asher Enterprise through a pattern of racketeering activity in violation of that statute; and

iii) Against Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders jointly and severally for violating the NYS False Claims Act; and

iv) Against Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders jointly and severally for violating the NYC False Claims Act;

v) Order Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders jointly and severally to pay to the City of New York:

a. treble the amount of all damages suffered by the City of New York as a result of violations of 18 USC §§ 1962(c) and 1962(d);

b. treble the amount of all damages suffered by the City as a result of violations of the NYC False Claims Act Ryan Asher, Roberta Asher, the Asher Associates, the Doe Runners and the Doe Funders;

c. civil penalties of not less than $5,000 and not more than $15,000 pursuant to NYC Admin Code § 7-803(a) for:

- each false or fraudulent claim knowingly presented or caused to be presented to any employee or officer of The City during the applicable statute of limitations period, pursuant to § 7-803(a)(1); and,

- each false record or statement knowingly made, used, or caused to be made or used to get a false claim paid or approved by The City during the applicable statute of limitations period, pursuant to § 7-803(a)(2).

vi) Order Ryan Asher, Roberta Asher and the Asher Associates to pay to the City of New York:

a. treble the amount of all damages suffered by the City of New York, directly and by and through its agencies and instrumentalities from violations of the NYS False Claims Act; plus

b. civil penalties of not less than $14,308 and not more than $28,619 pursuant to *State Fin. Law* § 189(1), for:

- each false or fraudulent claim for payment or approval knowingly presented or caused to be presented to the City during the applicable statute of limitations period pursuant to § 189(1)(a); and,

- each false record or statement material to a false or fraudulent claim knowingly made, used, or caused to be made or used in presenting such claims to the City during the applicable limitations period § 189(1)(b).

vii) Enjoin the Asher Defendants from filing any notices of claim against the City of New York without accompanying the claim with a complete copy of the claimants' medical records, and/or from filing false notices of claim against the City;

viii) Award the City the attorneys' fees;

ix) Award such other and further relief as the Court deems just and proper

Dated: October 4, 2026
New York, New York

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Plaintiff the City of New York*
100 Church Street, Rm. 3-211
New York, NY 10007
(212) 356-2032

By: ______________________
Eric Proshansky
Cesar Z. Ruiz